UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY OLIVER p/k/a RODNEY O,and NECOLE KEY
Plaintiffs,
-against-
BARRY WHITE FAMILY TRUST, SONY MUSIC ENTERTAINMENT d/b/a EPIC RECORDS,
UNIVERSAL MUSIC GROUP, LLC, ROB FINAN, DOROTHY M. WEBER, NAYVADIUS
WILBURN p/k/a FUTURE, LELAND WAYNE p/k/a METRO BOOMIN, KENDRICK
DUCKWORTH p/k/a KENDRICK LAMAR, and JOHN DOES 1-10,
Defendants.

Case No.: [CASE NUMBER]
COMPLAINT
BENCH TRIAL REQUESTED

Plaintiffs Necole Key ("Key") and Rodney Oliver p/k/a Rodney O ("Rodney O") (collectively,
"Plaintiffs"), proceeding pro se, bring this Third Amended Complaint against Defendants Barry
White Family Trust ("Barry White Trust"), Sony Music Entertainment d/b/a Epic Records ("Epic"),
Universal Music Group, LLC ("Universal Music"), Rob Finan ("Finan"), Dorothy M. Weber
("Weber"), Nayvadius Wilburn p/k/a Future ("Future"), Leland Wayne p/k/a Metro Boomin
("Metro Boomin"), Kendrick Duckworth p/k/a Kendrick Lamar ("Kendrick Lamar"), and John
Does 1-10 (collectively, "Defendants"), and allege as follows based upon personal knowledge,
information, and belief:

PRELIMINARY STATEMENT

1. This case arises from a deliberate and bad-faith campaign by Defendants to infringe Plaintiffs'
rights in the iconic musical work "Everlasting Bass," misappropriate its commercial value, and
deprive Plaintiffs of rightful compensation and recognition. Defendants' actions include willful
copyright infringement, fraudulent misrepresentation, breach of contract, and other misconduct
aimed at undermining Plaintiffs' ownership and legacy.

2. In early 2024, Epic, on behalf of Future, sought to license "Everlasting Bass" for use in the track "Like That." Plaintiffs negotiated in good faith, executing preliminary license agreements conditioned on finalized long-form contracts and strict use in the approved "Like That" master. Defendants, however, engaged in deceit, falsely assuring limited use, misrepresenting their intentions, and failing to deliver finalized contracts, fraudulently inducing Plaintiffs' consent [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

3. Without authorization, Defendants released an unauthorized derivative version of "Like That" by Future, Metro Boomin, and Kendrick Lamar, incorporating "Everlasting Bass" without Plaintiffs' approval [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78]. The track achieved significant commercial success, debuting at No. 1 on the Billboard Hot 100 and amassing over 60 million streams, yet Plaintiffs were denied the benefits of their work [Exhibit D: Impact Report on the Influence of "Everlasting Bass" on the Careers of Metro Boomin, Kendrick Lamar, and Future, dated April 26, 2025, pp. 8–17].

4. When confronted, Defendants escalated their misconduct by manufacturing a baseless infringement claim through the Barry White Trust, falsely alleging that "Everlasting Bass" infringed Barry White's "I'm Gonna Love You Just A Little More Baby" [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68]. This claim was used to coerce Plaintiffs into surrendering ownership rights and accepting unfavorable terms under economic duress.

NATURE OF THE ACTION

5. This action arises from Defendants' bad faith, coercive, fraudulent, and infringing conduct, including willful copyright infringement, in connection with the unauthorized use, licensing, and release of an unauthorized derivative work incorporating Plaintiffs' original musical work, "Everlasting Bass," in "Like That" by Future and a derivative version by Future, Metro Boomin, and Kendrick Lamar. Defendants engaged in a pattern of misconduct, including fraudulent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, economic duress, tortious interference, civil extortion, unjust enrichment, and willful

copyright infringement, to undermine Plaintiffs' rights, delay payments, and diminish Rodney O's rightful ownership and legacy.

6. Plaintiffs seek compensatory and punitive damages, statutory damages for willful copyright infringement, injunctive relief, attorneys' fees, and leave to amend to add additional claims as discovery progresses, for Defendants' willful and malicious actions, which caused Plaintiffs financial harm, reputational damage, emotional distress, and lost business opportunities.

JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under the Copyright Act, 17 U.S.C. § 101 et seq.

8. This Court has personal jurisdiction over Defendants because they conduct substantial business in New York, including the licensing negotiations, unauthorized use, release of the derivative work, and misconduct at issue, which occurred in this District. Defendants Future, Metro Boomin, Kendrick Lamar, John Does 1-10, Barry White Trust, Finan, Weber, and Universal Music participated in or facilitated the creation, promotion, release of the unauthorized derivative work, or the manufactured infringement claim in this District [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, and Defendant Epic is headquartered in New York, New York.

PARTIES

10. Plaintiff Necole Key is an individual residing at 451 Discovery Lane, Brea, CA 92821, and serves as Rights Manager for Rodney O.

11. Plaintiff Rodney Oliver p/k/a Rodney O is an individual residing at 11074 Oso Avenue, Chatsworth, CA 91311, a hip-hop artist and the creator and copyright owner of the master recording and composition "Everlasting Bass."

12. Defendant Barry White Family Trust is a trust organized under California law, administering Barry White's music catalog and engaging in the manufactured infringement claim alleged herein [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

13. Defendant Sony Music Entertainment d/b/a Epic Records is a Delaware corporation headquartered at 25 Madison Avenue, New York, NY 10010, operating as a record label in the music industry.

14. Defendant Universal Music Group, LLC is a Delaware LLC headquartered at 2220 Colorado Avenue, Santa Monica, CA 90404, operating as a music company and participating in the distribution or promotion of the unauthorized derivative work "Like That" [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

15. Defendant Rob Finan is an individual residing in California, acting as a representative or agent of the Barry White Family Trust or other Defendants, and engaging in the misconduct alleged herein [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

16. Defendant Dorothy M. Weber is an attorney licensed in New York, practicing at 217 Broadway, New York, NY 10007, acting as counsel for the Barry White Family Trust and engaging in the misconduct alleged herein [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

17. Defendant Nayvadius Wilburn p/k/a Future is an individual residing in Georgia, who participated in the creation, performance, and release of the track "Like That" and the

unauthorized derivative work [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

18. Defendant Leland Wayne p/k/a Metro Boomin is an individual residing in Georgia, who participated in the creation, production, and release of the unauthorized derivative work "Like That" [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

19. Defendant Kendrick Duckworth p/k/a Kendrick Lamar is an individual residing in California, who participated in the creation, performance, and release of the unauthorized derivative work "Like That" [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

20. Defendants John Does 1-10 are unknown individuals or entities who participated in the wrongful conduct described.

FACTUAL BACKGROUND

A. Co-Ownership of "Everlasting Bass"

21. On April 24, 2025, Plaintiffs executed an Amended Co-Ownership Agreement, formalizing their 50/50 co-ownership of the master recordings and compositions in Rodney O's catalog, including "Everlasting Bass," retroactive to January 1, 2020. [Exhibit A: Co-Ownership Agreement between Rodney Oliver and Necole Key for "Everlasting Bass," dated April 24, 2025, pp. 1–5].

22. The Agreement grants each Plaintiff the right to exploit the catalog, including licensing and suing for infringement, subject to a duty to account for profits on a 50/50 basis. [Exhibit A: Co-Ownership Agreement between Rodney Oliver and Necole Key for "Everlasting Bass," dated April 24, 2025, pp. 1–5].

B. Licensing Negotiations with Epic

23. In early 2024, Epic, through its representative Eric Weissman, initiated contact with Key to license the master recording and composition of "Everlasting Bass" for use in Future's track "Like That" [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

24. During negotiations in March 2024, Key inquired whether Defendants planned to perform "Like That" at the Rolling Loud Festival and whether they were using "Everlasting Bass" to promote Future's upcoming album. Defendants responded evasively, stating "not to my knowledge" regarding the performance and "not aware" regarding promotional plans [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

25. Key warned Epic that social media and fan chatter indicated "Like That" was being promoted as a "classic" using the recognizable "Everlasting Bass" sample, emphasizing that such use without finalized agreements was unethical, legally actionable, and constituted willful infringement of Plaintiffs' copyrighted work [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

26. Despite Key's warnings, Epic, Future, Metro Boomin, Kendrick Lamar, Universal Music, and John Does 1-10 willfully exploited "Everlasting Bass" to build buzz for Future's album without securing finalized licensing terms, constituting unauthorized use and willful copyright infringement [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

27. Negotiations culminated in the execution of two license agreements: (i) a Master Use License Agreement dated March 20, 2024, granting Epic a non-exclusive, perpetual right to exploit the "Everlasting Bass" master in "Like That" for a 15% interest in income and a $50,000 fee [Exhibit B: Master Use License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 7]; and (ii) a Publishing License Agreement dated March 20, 2024, granting Epic a non-exclusive, perpetual right to exploit the "Everlasting Bass" composition in "Like That" for a 50% interest in the copyright and a $5,000 fee [Exhibit C: Publishing License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 6].

28. Both licenses were explicitly limited to the use of "Everlasting Bass" as embodied in the specific "Like That" master approved by Plaintiffs, with no rights granted for derivative works, remixes, or alternate versions [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

C. Unauthorized Release of Derivative Work

29. On March 22, 2024, Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music willfully released an unauthorized derivative work titled "Like That" by Future, Metro Boomin, and Kendrick Lamar, which incorporated "Everlasting Bass" without Plaintiffs' approval, breaching the terms of the Master Use License Agreement [Exhibit B: Master Use License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 7] and Publishing License Agreement [Exhibit C: Publishing License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 6] [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

30. The release of this derivative work violated the express limitation in the licenses, which permitted use only in the specific "Like That" master approved by Plaintiffs, and constituted willful unauthorized reproduction, distribution, and public performance of Plaintiffs' copyrighted work. The commercial and cultural success of "Like That," as detailed in the Impact Report [Exhibit D: Impact Report on the Influence of "Everlasting Bass" on the Careers of Metro Boomin, Kendrick Lamar, and Future, dated April 26, 2025, pp. 8–17], amplified the harm caused by this willful infringement.

D. Plaintiffs' Good Faith Efforts

31. Key promptly addressed Epic's requests, provided documentation, negotiated reasonable terms, and executed the licenses in reliance on Defendants' representations [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

32. In April 2024, Key escalated efforts to secure prompt payment, split sheet confirmations, and

final executed agreements, raising concerns about delays, unauthorized use, the unauthorized derivative work, and potential breaches [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

E. Defendants' Bad Faith Conduct

33. Upon execution of the licenses, Epic failed to timely finalize payments, causing delays and prejudicing Plaintiffs' interests [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

34. Epic's representative, Dalia Auerbach, improperly escalated Key's routine inquiries to legal counsel, signaling an intent to sidestep Key's authority.

35. Defendants Epic, Future, Metro Boomin, and John Does 1-10 falsely claimed Metro Boomin obtained pre-clearance directly from Rodney O, a misrepresentation used to justify bypassing Key's role and releasing the unauthorized derivative work, later proven false [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

F. Manufactured Infringement Claim

36. Immediately after Key's escalation, Epic, joined by Barry White Trust, Finan, and Weber, notified Key of an alleged infringement claim, asserting that "Everlasting Bass" interpolated Barry White's "I'm Gonna Love You Just A Little More Baby" [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

37. Key refuted the claim, providing evidence that "Everlasting Bass" is an original, copyright-registered work from 1988, and clarifying that the confusion stemmed from a Kanye West remix of "Like That" that sampled Barry White, not the original track or the unauthorized derivative work [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

38. The claim surfaced only after Key demanded performance of Epic's obligations, suggesting it was a pretext to pressure Key and delay compliance, orchestrated by Epic, Barry White Trust, Finan, and Weber [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

39. No formal cease-and-desist or litigation was initiated by the Barry White Trust against Plaintiffs, and the claim lacked merit [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

G. Attempted Re-Negotiation Under Duress

40. On April 25, 2024, a Kanye West producer contacted Key, requesting a reduction of Rodney O's 50% publishing share due to an alleged Barry White interpolation in a remix of "Like That" [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

41. Key rejected the request, emphasizing that Rodney O's work and legacy must be protected absent proper documentation and accounting [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

42. Immediately after Key's refusal, Defendants Epic, Barry White Trust, Finan, and Weber escalated the Barry White infringement claim, unrelated to the licensed "Like That" master, to pressure Key into conceding ownership reductions [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

H. Aggressive Tactics by Dorothy Weber

43. Weber, acting as counsel for the Barry White Trust and in concert with Finan, issued a Litigation Hold against "Everlasting Bass," improperly naming it an infringing work, copied high-level executives to amplify pressure, and ignored Key's requests for evidence [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations,

dated April 23, 2024–July 2, 2024, pp. 29–68].

44. Weber falsely accused Key's then-counsel, Ryan Powers, of being non-responsive, causing confusion and leading to his dismissal [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

45. Weber's October 3, 2024, lawsuit, filed on behalf of the Barry White Trust, was improperly served to Key, bypassing her counsel, violating ethical norms.

I. Misuse of Indemnification Provisions

46. The licenses contained narrow indemnification provisions applicable only to authorized uses of "Everlasting Bass" in the approved "Like That" master [Exhibit B: Master Use License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 7; Exhibit C: Publishing License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 6].

47. Defendants Epic, Barry White Trust, Finan, and Weber mischaracterized the provisions, asserting Plaintiffs were liable for claims arising from unauthorized derivative works and remix versions, including the March 22, 2024 release, and threatened high-cost litigation to extort concessions [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

J. Impact on Plaintiffs

48. Defendants' actions, including the willful unauthorized release of the derivative work by Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music, and the manufactured infringement claim by Barry White Trust, Finan, and Weber, caused Plaintiffs to incur legal costs, lose a $2.2 million publishing deal, and be excluded from 2025 Grammy nominations. The significant commercial success of "Like That," as documented in the Impact Report [Exhibit D: Impact Report on the Influence of "Everlasting Bass" on the Careers of Metro Boomin, Kendrick Lamar, and Future, dated April 26, 2025, pp. 8–17], including 60 million streams and a No. 1 debut on the Billboard Hot 100, directly resulted from the willful

unauthorized use of "Everlasting Bass," depriving Plaintiffs of rightful compensation and recognition [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

49. Plaintiffs suffered reputational harm, emotional distress, and lost licensing opportunities due to Defendants' disparagement, willful unauthorized use, and obstruction [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

FIRST CAUSE OF ACTION: Copyright Infringement (17 U.S.C. § 501)

50. Plaintiffs repeat and incorporate by reference all preceding allegations.

51. Plaintiffs are the co-owners of the copyright in the master recording and composition of "Everlasting Bass," a registered work protected under 17 U.S.C. § 102 [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

52. Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music, without authorization, willfully reproduced, distributed, and publicly performed "Everlasting Bass" to promote Future's album before securing finalized licenses and in the unauthorized derivative work "Like That" by Future, Metro Boomin, and Kendrick Lamar released on March 22, 2024, infringing Plaintiffs' exclusive rights under 17 U.S.C. § 106 [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

53. Defendants' infringement was willful, as they knowingly continued exploitation despite Key's explicit warnings of unauthorized use and released the derivative work in deliberate breach of the license agreements, fully aware of Plaintiffs' copyrighted rights in "Everlasting Bass" [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

54. As a result, Plaintiffs suffered damages, including lost licensing fees, promotional value, and

income from the unauthorized derivative work, in an amount to be determined at trial, exacerbated by the track's commercial success as detailed in the Impact Report [Exhibit D: Impact Report on the Influence of "Everlasting Bass" on the Careers of Metro Boomin, Kendrick Lamar, and Future, dated April 26, 2025, pp. 8–17].

SECOND CAUSE OF ACTION: Breach of Contract

55. Plaintiffs repeat and incorporate by reference all preceding allegations.

56. The Master Use License Agreement [Exhibit B: Master Use License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 7] and Publishing License Agreement [Exhibit C: Publishing License Agreement for "Everlasting Bass" in "Like That" by Future, dated March 20, 2024, p. 6] constituted valid contracts between Plaintiffs and Epic, limiting use of "Everlasting Bass" to the approved "Like That" master [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

57. Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music breached these contracts by releasing the unauthorized derivative work "Like That" by Future, Metro Boomin, and Kendrick Lamar on March 22, 2024, which incorporated "Everlasting Bass" without Plaintiffs' approval [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

58. As a result, Plaintiffs suffered damages, including lost income and reputational harm, in an amount to be determined at trial.

THIRD CAUSE OF ACTION: Fraudulent Misrepresentation

59. Plaintiffs repeat and incorporate by reference all preceding allegations.

60. Defendants Epic, Future, Metro Boomin, John Does 1-10, Barry White Trust, Finan, and Weber knowingly made false representations, including Metro Boomin's alleged pre-clearance, the scope of indemnification, the Barry White infringement claim, and their lack of knowledge

about promotional use, live performances, and plans for derivative works, with intent to deceive Plaintiffs [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78; Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

61. Plaintiffs reasonably relied on these misrepresentations, engaging in negotiations and executing licenses, to their detriment [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

62. As a result, Plaintiffs suffered damages, including lost income, legal costs, and reputational harm, in an amount to be determined at trial.

FOURTH CAUSE OF ACTION: Breach of Implied Covenant of Good Faith and Fair Dealing

63. Plaintiffs repeat and incorporate by reference all preceding allegations.

64. The licenses implied a covenant of good faith and fair dealing, which Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music breached by delaying payments, escalating false claims, exploiting "Everlasting Bass" without authorization, releasing the unauthorized derivative work, and attempting to diminish Rodney O's rights [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68; Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

65. As a result, Plaintiffs suffered damages in an amount to be determined at trial.

FIFTH CAUSE OF ACTION: Economic Duress / Coercion

66. Plaintiffs repeat and incorporate by reference all preceding allegations.

67. Defendants Epic, Barry White Trust, Finan, and Weber used threats of litigation and false

infringement claims to coerce Plaintiffs into accepting reduced ownership and unfavorable terms [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

68. As a result, this coercion caused Plaintiffs financial and reputational harm in an amount to be determined at trial.

SIXTH CAUSE OF ACTION: Tortious Interference with Contract and Economic Advantage

69. Plaintiffs repeat and incorporate by reference all preceding allegations.

70. Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, Universal Music, Barry White Trust, Finan, and Weber intentionally interfered with Plaintiffs' licensing agreements and prospective economic opportunities by manufacturing disputes, using "Everlasting Bass" without authorization, releasing the unauthorized derivative work, asserting baseless infringement claims, and disparaging Plaintiffs [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68; Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

71. As a result, Plaintiffs lost a $2.2 million publishing deal and other opportunities, suffering damages in an amount to be determined at trial.

SEVENTH CAUSE OF ACTION: Civil Extortion

72. Plaintiffs repeat and incorporate by reference all preceding allegations.

73. Defendants Epic, Barry White Trust, Finan, and Weber engaged in extortionate conduct by threatening baseless litigation and indemnification liability to force Plaintiffs to surrender rightful ownership interests, in violation of federal common law and New York law [Exhibit I: Correspondence and Claims Related to Barry White Family Trust Infringement Allegations, dated April 23, 2024–July 2, 2024, pp. 29–68].

74. As a result, Plaintiffs suffered damages in an amount to be determined at trial.

EIGHTH CAUSE OF ACTION: Unjust Enrichment

75. Plaintiffs repeat and incorporate by reference all preceding allegations.

76. Defendants Epic, Future, Metro Boomin, Kendrick Lamar, John Does 1-10, and Universal Music were enriched by their willful unauthorized use of "Everlasting Bass" to promote Future's album and in the unauthorized derivative work released on March 22, 2024, gaining significant commercial benefit, including 60 million streams and a No. 1 Billboard Hot 100 debut, as detailed in the Impact Report [Exhibit D: Impact Report on the Influence of "Everlasting Bass" on the Careers of Metro Boomin, Kendrick Lamar, and Future, dated April 26, 2025, pp. 8–17], without compensating Plaintiffs for the sample's promotional value or use in the derivative work [Exhibit J: Communications and Notices Related to "Like That" Licensing Violations, dated March 8, 2024–February 21, 2025, pp. 69–78].

77. This enrichment was at Plaintiffs' expense, as they were deprived of rightful licensing fees and promotional opportunities.

78. It would be unjust to allow Defendants to retain these benefits without compensating Plaintiffs, entitling Plaintiffs to damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:
a. Award compensatory damages in an amount to be determined at trial, but not less than $2.2 million;
b. Award statutory damages under 17 U.S.C. § 504 for willful copyright infringement;
c. Award punitive damages for Defendants' willful and malicious conduct;
d. Grant injunctive relief enjoining Defendants from further misuse, unauthorized use, or distribution of "Everlasting Bass," including in the unauthorized derivative work, and from disparagement of Plaintiffs;
e. Award attorneys' fees and costs under 17 U.S.C. § 505 and other applicable law;

f. Grant leave to amend this Complaint to add additional claims as may be warranted by discovery;

g. Grant such other and further relief as the Court deems just and proper.

DEMAND FOR BENCH TRIAL

Plaintiffs request a bench trial on all issues so triable.

Dated: April 28, 2025
Brea, California

Respectfully submitted,

/s/ Necole Key
Necole Key, pro se
451 Discovery Lane
Brea, CA 92821
necole@ladykeymanagement.com

/s/ Rodney Oliver
Rodney Oliver p/k/a Rodney O, pro se
11074 Oso Avenue
Chatsworth, CA 91311
rodneyolivermusic@gmail.com

# CO-OWNERSHIP AGREEMENT

This Co-Ownership Agreement ("Agreement") is made as of April 24,, 2025 ("Effective Date"), by and between:

- **Rodney David Oliver**, residing at 11074 Oso Ave, Chatsworth, CA 91311 ("Oliver"), and
- **Necole Key**, residing at 451 Discovery Lane, Unit 321, Brea, CA 92821 ("Key").

Collectively referred to as the "Parties" or individually as a "Party."

## 1. BACKGROUND

Oliver is the creator and original sole owner of the master sound recording entitled **"Everlasting Bass"** (the "Master Recording").
Oliver now desires to transfer, and Key desires to accept, a fifty percent (50%) undivided interest in the Master Recording.
The Parties wish to set forth their respective rights and obligations as co-owners.

## 2. TRANSFER AND CO-OWNERSHIP

Oliver hereby irrevocably transfers, assigns, and conveys to Key an undivided fifty percent (50%) ownership interest in the Master Recording, including:

- All rights to reproduce, distribute, publicly perform, and otherwise exploit the Master Recording;
- All rights to license and collect royalties or fees;
- All rights to sue for past, present, and future infringement.

The Parties shall each own an undivided 50% interest in the Master Recording.

## 3. DECISION-MAKING AND EXPLOITATION

- Neither Party may grant an exclusive license, assign rights, or sell the Master Recording without the prior written consent of the other Party.

- Either Party may grant non-exclusive licenses individually, provided that all revenue received from such licenses shall be split 50/50.

- The Parties agree to reasonably consult each other regarding opportunities to exploit the Master Recording.

## 4. REVENUE SHARING

- All revenue generated from the exploitation of the Master Recording shall be divided equally (50% to Oliver, 50% to Key), after deduction of any mutually agreed expenses.

- Each Party shall account to the other Party no less than twice per year and shall pay any amounts due within thirty (30) days of receipt.

## 5. INFRINGEMENT AND ENFORCEMENT

- Either Party may take action against any infringement of the Master Recording.

- If one Party pursues enforcement independently, that Party shall be entitled to recover its litigation costs first from any recovery, and the balance shall be divided equally.

- The Parties agree to reasonably cooperate in any infringement enforcement actions.

## 6. TERMINATION OF CO-OWNERSHIP

- **Rodney David Oliver shall have the exclusive right to terminate this Co-Ownership Agreement** at any time by providing thirty (30) days' written notice to Necole Key.

- Necole Key shall have **no independent right** to terminate this Agreement or force a sale.

## 7. GENERAL PROVISIONS

- **Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the State of California.

- **Entire Agreement:** This document constitutes the entire agreement between the Parties regarding the subject matter hereof and supersedes any prior oral or written agreements.

- **Amendments:** Any modifications must be in writing and signed by both Parties.

- **Severability:** If any provision is found invalid, the remainder of the Agreement shall remain in effect.

- **Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original.

**IN WITNESS WHEREOF**, the Parties have executed this Co-Ownership Agreement as of the Effective Date

**Rodney David Oliver**
Date: _____04/28/2025_____

**Necole Key**
Date: _____04/28/2025_____



# Audit Trail

DigiSigner Document ID: 3edc3053-0718-4be1-9d71-b36fefd27f70

## Signer

Email: necolekey@gmail.com
IP Address: 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0

## Signature

IP Address: 2607:fb91:441:8a72:515:6d14:3445:9006

| Event | User | Time | IP Address |
|-------|------|------|------------|
| Upload document | necolekey@gmail.com | 4/28/25 1:17:12PM EDT | 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0 |
| Open document | necolekey@gmail.com | 4/28/25 1:17:16PM EDT | 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0 |
| Sign document | necolekey@gmail.com | 4/28/25 1:19:25PM EDT | 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0 |
| Close document | necolekey@gmail.com | 4/28/25 1:19:25PM EDT | 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0 |
| Send for signing | necolekey@gmail.com | 4/28/25 1:19:42PM EDT | 2603:8000:1002:e6bf:9fef:e420:bd47:7dd0 |
| Open document | unknown | 4/28/25 1:39:42PM EDT | 2607:fb91:441:8a72:515:6d14:3445:9006 |
| Sign document | unknown | 4/28/25 1:40:32PM EDT | 2607:fb91:441:8a72:515:6d14:3445:9006 |
| Close document | unknown | 4/28/25 1:40:32PM EDT | 2607:fb91:441:8a72:515:6d14:3445:9006 |

# EXHIBIT B

### Eric Weissman Music Licensing Inc.

March 20, 2024

Ms. Necole Key
Rights Manager
Lady Key Management

Re: Epic Records -w- Publishing Designee of Rodney Oliver - Use of "Everlasting Bass" in the musical composition entitled "Like That" as performed by Future

Dear Necole:

On a solely non precedential basis, I am writing on behalf of Epic Records to confirm that the Publishing Designee of Rodney Oliver (hereinafter referred to as "Sampled Publisher") has agreed to license to Epic Records and its designees, in perpetuity, throughout the world, in all audio and audio/visual configurations now known or hereinafter devised, including without limitation: compact discs, non-musical spoken-word messages or greetings, so-called "ringtones", so-called applications or "apps", DVDs, Blu-Ray discs, vinyl discs and all digital phonorecord delivery and music videos, the use of the musical composition (the "Original Composition") entitled "Everlasting Bass" written by Rodney Oliver and Joe Cooley, as embodied in the musical composition (the "Future Composition") entitled "Like That" as performed by the Epic Records recording artist p/k/a Future. The Sampled Publisher grants to Epic Records the non-exclusive and perpetual right to exploit the Original Composition as embodied in the Future Composition for the full terms of copyright and any extensions and renewals thereof, and to manufacture, reproduce, sell, transmit, publicly perform, and otherwise exploit the Original Composition as embodied in the Future Composition, and to authorize the same throughout the world. In consideration of the foregoing license and in the event that the Original Composition as embodied in the Future Composition is commercially exploited, Sampled Publisher shall be entitled to a fifty (50%) percent interest in the copyright of the Future Composition. In addition, Epic Records shall arrange to pay Sampled Publisher a one-time only non-recoupable fee in the amount of Five Thousand ($5,000.00) Dollars.

Sampled Publisher warrants and represents that it wholly owns and/or controls the Original Composition throughout the world, it has the right to grant the rights granted herein and that the rights granted by Sample Publisher shall not infringe on the rights of any third party. Sampled Publisher shall indemnify Epic Records and its designees against any claims arising from Sampled Publisher's breach of the warranties and representations contained herein.

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)

# EXHIBIT C

## Eric Weissman Music Licensing Inc.

March 20, 2024

Ms. Necole Key
Rights Manager
Lady Key Management

Re: Epic Records -w- Rodney O - Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master
recording entitled "Like That" performed by Future

Dear Necole:

On a solely non precedential basis, I am writing on behalf of Epic Records to confirm that
Rodney O (hereinafter referred to as "Sampled Master Owner") has agreed to license to Epic Records and
its designees, in perpetuity, throughout the world, in all audio and audio/visual configurations now known
or hereinafter devised, including without limitation: compact discs, non-musical spoken-word messages
or greetings, so-called "ringtones", so-called applications or "apps", DVDs, Blu-Ray discs, vinyl discs and
all digital phonorecord delivery and music videos, the use of the master recording (the "Original Master")
entitled "Everlasting Bass" performed by Rodney O, as embodied on the master recording (the "Future
Master") entitled "Like That" performed by the Epic Records recording artist p/k/a Future. The Sampled
Master Owner grants to Epic Records the non-exclusive and perpetual right to exploit the Original Master
as embodied in the Future Master for the full terms of copyright and any extensions and renewals thereof,
and to manufacture, reproduce, sell, transmit, publicly perform, and otherwise exploit the Original Master
as embodied on the Future Master, and to authorize the same throughout the world. In consideration of
the foregoing license and in the event that the Original Master as embodied on the Future Master is
commercially exploited, Epic Records shall arrange to pay Sampled Master Owner, a fifteen (15.00%)
percent interest in any and all income generated from the exploitations of the Future Master including, but not
limited to: streaming royalties, third party flat fee licensing, including but not limited to synchronization,
YouTube royalties, neighboring rights income and SoundExchange income. In addition, Epic Records shall
arrange to pay Sampled Master Owner a one-time only non-recoupable fee in the amount of Fifty Thousand
($50,000.00) Dollars.

Sampled Master Owner warrants and represents that it wholly owns and/or controls the Original
Master throughout the world, it has the right to grant the rights granted herein and that the rights granted
by Sample Master Owner shall not infringe on the rights of any third party. Sampled Master Owner shall
indemnify Epic Records and its designees against any claims arising from Sampled Master Owner's breach
of the warranties and representations contained herein.

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)

IMPACT REPORT: INFLUENCE OF "EVERLASTING BASS" ON THE CAREERS OF METRO BOOMIN, KENDRICK LAMAR, AND FUTURE

Prepared by: [Placeholder for Author/Organization]
Date: April 26, 2025

## I. INTRODUCTION

"Everlasting Bass," a 1986 track by Rodney O & Joe Cooley, has left an indelible mark on hip-hop through its bass-heavy production and cultural resonance. Its sampling in the 2024 hit "Like That" by Future, Metro Boomin, and Kendrick Lamar significantly amplified its influence, contributing to the song's commercial and cultural success. This report analyzes how "Everlasting Bass" impacted the careers of Metro Boomin, Kendrick Lamar, and Future, focusing on the sample's role in "Like That," the song's achievements, immediate career advancements, and long-term effects on their professional trajectories.

## II. OVERVIEW OF "LIKE THAT" AND THE "EVERLASTING BASS" SAMPLE

Released on March 22, 2024, as part of the album *We Don't Trust You*, "Like That" debuted at No. 1 on the Billboard Hot 100, driven by 60 million streams, 5.6 million radio airplay impressions, and 9,000 downloads in its first week. The track, produced by Metro Boomin and featuring Future and Kendrick Lamar, sampled "Everlasting Bass" alongside Eazy-E's "Eazy-Duz-It," creating a menacing, trap-infused soundscape. The "Everlasting Bass" sample provided a nostalgic, bass-heavy foundation that

enhanced the song's appeal, connecting it to West Coast hip-hop's electro-hop roots and boosting its streaming and club performance. The song's success, while fueled by multiple factors, including Kendrick Lamar's diss verse targeting Drake and J. Cole, was notably amplified by the sample's sonic and cultural contributions.

## III. IMPACT ON METRO BOOMIN'S CAREER

### A. Career Milestone
"Like That" marked Metro Boomin's first No. 1 single on the Billboard Hot 100 as a credited artist, a significant leap from his established role as a producer behind hits like "Bad and Boujee." The "Everlasting Bass" sample was integral to the track's production, with critics praising Metro's ability to blend nostalgic elements with modern trap aesthetics. This achievement elevated his profile, positioning him as a chart-topping artist in his own right.

### B. Production Acclaim
The sample's booming bassline, described as a "sinister soundscape," showcased Metro's production prowess, earning accolades from outlets like *Billboard* and *Rolling Stone*. The track's success, with 49 million Spotify streams in its opening week, underscored his ability to craft culturally resonant beats, reinforcing his reputation as one of hip-hop's leading producers.

### C. Industry Influence
Metro's strategic use of the "Everlasting Bass" sample placed him at the center of the 2024 Drake-Kendrick Lamar feud, as he orchestrated the track's creation. His response on X, asserting that "Like That" would have succeeded regardless of Kendrick's verse, highlighted his confidence in his creative vision, further solidifying

his industry clout.

## D. Career Momentum

The song's success propelled *We Don't Trust You* to No. 1 on the Billboard 200 with 251,000 equivalent album units, Metro's biggest album week ever. This momentum led to the release of a second collaborative album, *We Still Don't Trust You*, on April 12, 2024, also debuting at No. 1. The "Everlasting Bass" sample's role in "Like That" was a catalyst for this sustained commercial dominance.

## IV. IMPACT ON KENDRICK LAMAR'S CAREER

### A. Cultural and Lyrical Dominance

Kendrick Lamar's verse on "Like That," which dissed Drake and J. Cole, was a defining moment, likened to his 2013 "Control" verse. While the verse's impact was the primary driver, the "Everlasting Bass" sample provided a powerful backdrop that amplified its intensity. The track's No. 1 debut marked Kendrick's third chart-topping single, reinforcing his commercial and critical stature.

### B. Feud-Driven Legacy

The sample's menacing tone complemented Kendrick's aggressive delivery, making the diss more impactful. The resulting feud with Drake, sparked by "Like That," led to a series of diss tracks, including "Euphoria," "Meet the Grahams," and "Not Like Us." The latter won five Grammy Awards in 2025, including Record and Song of the Year, cementing Kendrick's status as a lyrical heavyweight. The "Everlasting Bass" sample indirectly contributed to this career-defining arc by enhancing the track's cultural weight.

### C. Cultural Resonance

The sample's West Coast roots tied Kendrick, a Compton native, to his regional heritage, adding authenticity to his performance. Fan engagement, such as labeling Drake's mansion as "Owned by Kendrick" on Google Maps, and Kendrick's 2025 Super Bowl halftime performance of "Not Like Us" underscored his cultural dominance, with "Like That" as the catalyst.

D. Commercial Boost
The track's 60 million streams and three-week No. 1 run boosted Kendrick's visibility, paving the way for subsequent releases. The sample's nostalgic appeal likely contributed to replays, enhancing the song's streaming performance and Kendrick's commercial viability.

V. IMPACT ON FUTURE'S CAREER

A. Commercial Reinforcement
"Like That" was Future's third No. 1 single on the Billboard Hot 100, following "Way 2 Sexy" and "Wait for U." The "Everlasting Bass" sample's bass-heavy groove was a "perfect fit" for his trap style, with critics noting he "glides" over the beat. X posts emphasized Future's hook and verses as key to the song's success, reinforcing his commercial draw.

B. Collaborative Legacy
The sample's integration into "Like That" highlighted Future's synergy with Metro Boomin, strengthening their partnership. The success of *We Don't Trust You* and the follow-up album *We Still Don't Trust You* solidified Future's reputation as a collaborative powerhouse, with the sample enhancing the lead single's impact.

C. Cultural Relevance

While Future did not directly engage in the Drake-Kendrick feud, his association with "Like That" kept him central to hip-hop's 2024 narrative. The sample's nostalgic appeal broadened the track's audience, ensuring Future's relevance across generations.

D. Touring and Visibility
The song's success drove demand for Future and Metro's joint tour, with the sample's club-ready sound amplifying live performances. This increased Future's visibility and revenue, further boosting his career trajectory.

VI. ROLE OF "EVERLASTING BASS" IN CAREER IMPACTS

The "Everlasting Bass" sample was a critical component of "Like That"'s success, contributing to its sonic identity, streaming performance, and cultural resonance. Its nostalgic West Coast flavor and bass-heavy production enhanced the track's appeal, driving 60 million streams and a No. 1 debut. However, the song's achievements were also fueled by Kendrick's viral diss verse, Metro's production expertise, and Future's star power. Without the sample, "Like That" likely would have succeeded due to these factors, but potentially with reduced streaming numbers (e.g., 40-50 million in week one) and less historical depth, slightly diminishing its career impacts.

For Metro Boomin, the sample elevated his production acclaim, but his skill ensured a hit regardless. For Kendrick Lamar, the sample amplified his verse's impact, but the feud's narrative was the primary career driver. For Future, the sample complemented his style, but his fanbase and hook ensured commercial success. Thus, while "Everlasting Bass" significantly boosted each artist's career, it was not the sole determinant of their achievements.

## VII. LONG-TERM EFFECTS ON CAREERS

The "Everlasting Bass"otes sample's inclusion in "Like That" has set the stage for enduring impacts on the careers of Metro Boomin, Kendrick Lamar, and Future, extending beyond the immediate success of 2024. These long-term effects, driven by the sample's contribution to the song's cultural and commercial prominence, are likely to influence their artistic legacies, industry influence, and marketability for years to come.

A. Metro Boomin
- **Production Legacy**: The critical acclaim for Metro's use of "Everlasting Bass" has solidified his reputation as a producer who can bridge hip-hop's past and present. This is likely to influence future collaborations, with artists seeking his ability to craft nostalgic yet innovative beats. His work on "Like That" may become a reference point in production discussions, enhancing his long-term influence in hip-hop and potentially other genres like electronic music.
- **Artist Brand Expansion**: The No. 1 success as a credited artist has positioned Metro as a multifaceted figure, likely leading to more solo projects or lead artist roles. This could expand his brand into ventures like film scoring or music supervision, where his ability to leverage iconic samples like "Everlasting Bass" will be a selling point.
- **Industry Network**: Metro's central role in the Drake-Kendrick feud, amplified by the sample's cultural weight, has strengthened his ties with top-tier artists and labels. This network is expected to yield long-term opportunities, such as producing for global stars or launching new talent, with "Like That" as a case study of his impact.

- **Cultural Archivist Role**: By reviving "Everlasting Bass" for a new generation, Metro has established himself as a curator of hip-hop history. This role could lead to projects like archival compilations or documentaries, ensuring his influence endures as hip-hop evolves.

## B. Kendrick Lamar

- **Lyrical and Cultural Icon Status**: The "Everlasting Bass" sample's West Coast roots tied "Like That" to Kendrick's Compton heritage, reinforcing his authenticity. The feud it sparked has positioned him as a defining figure in 21st-century hip-hop, with "Like That" as a pivotal moment. Long-term, this is likely to cement his status as a cultural icon, akin to Tupac or Nas, with the sample's role enhancing the track's historical significance.
- **Grammy and Industry Influence**: The success of "Not Like Us," a direct outcome of the feud ignited by "Like That," earned Kendrick five Grammy Awards in 2025. This has elevated his bargaining power with labels and streaming platforms, likely leading to lucrative deals, creative control, and opportunities like curating major events or mentoring emerging artists.
- **Global Reach**: The sample's universal appeal broadened "Like That"'s audience, contributing to Kendrick's international fanbase. His 2025 Super Bowl halftime performance and subsequent global tours are expected to sustain this momentum, positioning him as a crossover artist with long-term commercial viability.
- **Social Impact**: Kendrick's feud narrative, amplified by the sample's aggressive backdrop, has reinforced his role as a voice for social and cultural issues. This is likely to translate into long-term influence through activism, media projects, or educational initiatives, with "Like That" as a touchstone for his assertive artistry.

## C. Future
- **Trap Music Stalwart**: The "Everlasting Bass" sample's trap-friendly groove reinforced Future's dominance in the genre, ensuring his relevance as trap evolves. Long-term, this is likely to maintain his appeal to younger audiences and producers, who may cite "Like That" as a benchmark for trap anthems.
- **Collaborative Longevity**: The sample's role in "Like That" highlighted Future's synergy with Metro Boomin, setting a precedent for future collaborations. This partnership is expected to yield more chart-topping projects, with the sample's success encouraging bolder creative risks in their work.
- **Touring and Revenue Streams**: The song's club and streaming success, partly due to the sample's danceable bassline, has boosted Future's touring demand. Long-term, this is likely to sustain high-grossing tours and merchandise sales, with "Like That" remaining a staple in his live sets.
- **Cultural Connector**: By bridging 1980s hip-hop with modern trap, the sample positioned Future as a link between generations. This could lead to long-term opportunities like festival headlining, brand endorsements, or roles in hip-hop media, leveraging his association with a culturally significant track.


## D. Broader Industry Impact
- **Sampling Trends**: The success of "Everlasting Bass" in "Like That" has likely encouraged producers to explore 1980s hip-hop samples, shaping production trends. This could influence the sound of hip-hop in the late 2020s, with Metro, Kendrick, and Future as trendsetters.
- **Feud Culture**: The feud sparked by "Like That," amplified by the sample's aggressive tone, has set a precedent for high-profile rap battles in the streaming era. This may inspire future artists to engage in similar narratives, with the song as a model for

commercial and cultural impact.
- **Legacy of "Everlasting Bass"**: The sample's revival has ensured Rodney O & Joe Cooley's place in hip-hop history, indirectly benefiting the artists by associating them with a respected legacy. This connection may enhance their credibility in future projects that draw on hip-hop's roots.

VIII. CONCLUSION

The sampling of "Everlasting Bass" in "Like That" had a profound immediate and long-term impact on the careers of Metro Boomin, Kendrick Lamar, and Future. For Metro, it marked a historic No. 1 and reinforced his production dominance, paving the way for an enduring legacy as a cultural archivist and multifaceted artist. For Kendrick, it catalyzed a feud that elevated his lyrical and cultural icon status, with lasting influence in music and social spheres. For Future, it solidified his commercial and collaborative prowess, ensuring his longevity in trap music. The sample's nostalgic and sonic contributions were instrumental, enhancing the song's 60 million streams, three-week No. 1 run, and cultural significance. While "Like That" likely would have succeeded without the sample, its presence amplified the artists' career advancements, cementing "Everlasting Bass" as a pivotal element in their 2024 triumphs and beyond.

IX. SOURCES

- Billboard Hot 100 and 200 chart data, April 2024.
- Spotify streaming reports, March 2024.
- Critical reviews from *Rolling Stone*, *Billboard*, and *Pitchfork*.
- X posts analyzing "Like That"'s success and the Drake-Kendrick feud.

- Public statements by Rodney O regarding the sample's use.

[End of Report]

# EXHIBIT E



Like that Kendrick Lama    Search

ord View
cord PA0002514816

00 entries

◀ Previous    Next ▶

Share ↗    Actions ⌄

| | |
|---|---|
| istration Number / Date | PA0002514816 / 2025-01-15 |
| Type of Work | Music |
| Title | Like That. |
| Application Title | Like That. |
| Appears In | WE DON'T TRUST YOU |
| Date of Creation | 2024 |
| Date of Publication | 2024-03-22 |
| Copyright Claimant | Kendrick Lamar Duckworth, Transfer: By written agreement. Address: c/o Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States. |
| | Metro Boomin' Want Some More, Transfer: By written agreement. Address: c/o Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States. |
| thorship on Application | Kendrick Lamar, pseud. of Kendrick Lamar Duckworth; Citizenship: United States. Authorship: music, lyrics. |
| | Metro Boomin, pseud. of Leland Tyler Wayne (author of pseudonymous work); Citizenship: United States. Authorship: music, lyrics. |
| | Future, pseud. of Nayvadius Cash (author of pseudonymous work); Citizenship: United States. Authorship: music, lyrics. |
| | Kobe Hood; Domicile: not known; Citizenship: not known. Authorship: music, lyrics. |
| Basis of Claim | music, lyrics. |
| Rights and Permissions | Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States, nacopyright@umusic.com |
| Material Excluded | music, lyrics, Samples "Everlasting Bass" written by Joe Cooley and Rodney Oliver; Samples "Eazy Duz It" written by William Collins, Lorenzo Patterson, George Clinton, Abrim Tilmon, Bernie Worell, Eric Wright, and Andre Young pka Dr. Dre. |
| Description | Electronic file (eService) |
| tion of First Publication | United States |
| Names | Duckworth, Kendrick Lamar |
| | Lamar, Kendrick, pseud. |
| | Wayne, Leland Tyler |
| | Metro Boomin, pseud. |
| | Cash, Nayvadius |
| | Future, pseud. |
| | Hood, Kobe |
| | Metro Boomin' Want Some More |

◀ Previous    Next ▶

# EXHIBIT E

# ©opyright

**Registration Number / Date:**
SR0000987835 / 2024-01-18

**Registration Class:**
SR

**Type of Work:**
Sound Recording

**Title:**
Works Published on the Album Me and Joe.

**Application Title:**
Works Published on the Album Me and Joe.

**Appears In:**
Me and Joe

**Title of Works:**
We've Arrived (Oh! But Yes), Album Track Number 1
This Is for the Homies, Album Track Number 2
Me and Joe, Album Track Number 3
Let's Have Some Fun, Album Track Number 4
Supercuts (Yeah Boy), Album Track Number 5
Give Me the Mic, Album Track Number 6
It's My Rope, Album Track Number 7
Cooley High, Album Track Number 8
Nobody Disses Me, Album Track Number 9
Everlasting Bass, Album Track Number 10

**Latest Transaction Date and Time:**
2024-02-03T03:20:04

**Copyright Claimant:**
Rodney Oliver. Address: 451 Discovery Lane, 321, Brea, CA, 92821, United States.

**Authorship on Application:**
Rodney O, pseud. of Rodney Oliver (author of pseudonymous work); Citizenship: United States. Authorship: Sound recording(s): All Tracks Being Registered.
Joe Cooley; Citizenship: United States. Authorship: Sound recording(s): All Tracks Being Registered.

**Rights and Permissions:**

Rodney Oliver, 451 Discovery Lane, 321, Brea, CA, 92821, United States, (626) 598-6647, rodneyolivermusic@gmail.com

**Record ID:**

36039931

**Public Records ID:**

voyager_36039931

**System Control Number:**

(DLC-CO)SR 000987835

**Originating System Control Number:**

SR 000987835

**Publisher Label Number:**

Yeah Boy Entertainment

**Copyright Note:**

C.O. correspondence.

Regarding group registration: A group of sound recordings and any associated literary, pictorial, or graphic works may be registered in Class SR under 37 C.F.R. 202.4(k) if the following requirements have been met: 1) all of the works must be contained on the same album, as defined in 37 C.F.R. 202.4(k)(1)(i); 2) the group may include up to twenty sound recordings, together with any associated literary, pictorial, or graphic works included with the same album; 3) all the works in the group must be published on the same album and on the same date, all the works must be first published in the same country, and the date and nation of first publication for the album must be specified in the application; 4) the application must provide the title for the album and a title for each work in the group; 5) all the works in the group must be created by the same author, or the works must have a common joint author; 6) the copyright claimant or co-claimants for all of the works in the group must be the same person or organization; and 7) the works may be registered as works made for hire if they are identified in the application as such.

**Date of First Publication for the Album:**

1989-03-10

**Nation of First Publication:**

United States

**Names:**

Oliver, Rodney

Rodney O, pseud.

Cooley, Joe

**USCO Catalog Link:**

https://publicrecords.copyright.gov/detailed-record/voyager_36039931

---

© U.S. Copyright Office

Disclaimer: This material was generated by the pilot of the U.S. Copyright Office's Copyright Public Records System (CPRS). The pilot is under development and is not the final version of the CPRS. This pilot does not replace or supersede the online public catalog or existing search practices the Copyright Office has established. Results obtained through the CPRS pilot should not be used for legal purposes. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

# ©opyright

---

**Registration Number / Date:**

PAU001347711 / 1990-03-27

**Registration Class:**

PA

**Type of Work:**

Music

**Title:**

Everlasting bass.

**Appears In:**

Me and Joe

**Date of Creation:**

1989

**Latest Transaction Date and Time:**

2007-06-13T12:55:48

**Copyright Claimant:**

Not Interested Publishing

**Authorship on Application:**

words & music: Rodney Oliver, Joe Cooley, Jeff Page.

**Performer:**

Performed by Rodney O, Joe Cooley.

**Record ID:**

9157230

**Public Records ID:**

voyager_9157230

**System Control Number:**

(DLC-CO)PAu001347711

**Originating System Control Number:**

PAu001347711

**Names:**

Oliver, Rodney 1967-

Page, Jeff 1965-

Cooley, Joe 1965-

<u>Not Interested Publishing</u>

**USCO Catalog Link:**

https://publicrecords.copyright.gov/detailed-record/voyager_9157230

---

© U.S. Copyright Office

Disclaimer: This material was generated by the pilot of the U.S. Copyright Office's Copyright Public Records System (CPRS). The pilot is under development and is not the final version of the CPRS. This pilot does not replace or supersede the online public catalog or existing search practices the Copyright Office has established. Results obtained through the CPRS pilot should not be used for legal purposes. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

# ©opyright

---

**Document Number:**

V3563D041

**Entire Copyright Document:**

V3563 D041 P1-2

**Type of Document:**

Recorded Document

**Public Records ID:**

voyager_22353689

**Date of Recordation:**

2008-03-12

**Date of Execution:**

effective as of 1Jan08; as of 8Feb08

**Party 1:**

Barry White Family Trust d.b.a. Seven Songs.

**Party 2:**

Jack Perry d.b.a. Peradine Music.

**Notes:**

Assignment of copyright.

**List of Works:**

00001 Baby I do.

00002 Barry rabbit gotta get up :a.k.a. Get up.

00003 Closer.

00004 Do it to the music...please. PA 173-527.

00005 Don't do it :a.k.a. Sweet nasty.

00006 Don't let 'em blow your mind. PA 184-368.

00007 Don't play games. PA 1-023-144.

00008 For real chill. PA 604-694.

00009 Good dancing music :a.k.a. There's nothing like good dancing music. PA 375-386.

00010 Gotta get up :a.k.a. Get up. PA 1-023-148.

00011 I get off on you. PA 990-188 & PA 1-023-146.

00012 I like you, you like me. PA 150-091.

00013 In Brazil. PA 173-528.

00014 I've got that love fever. PA 150-105.

00015 Let's roll :a.k.a. Slow your roll. PA 1-023-149.

00016 Life. PA 184-367.

00017 Love is good with you. PA 604-691.

00018 Love is in your eyes. PA 354-128 & PA 836-654.

00019 Love is the icon.

00020 Love will find us. PA 604-697.

00021 My laboratory (is ready for you) PA 173-525.

00022 Responsbile. PA 448-251.

00023 Sho' you right. PA 354-122 & PA 836-749.

00024 Super lover. PA 448-252.

00025 Too much.

00026 Welcome aboard. PA 113-312.

00027 Which way is up? PA 1-023-147.

00028 Who's the fool. PA 354-126 & PA 836-751.

**Title:**
Baby I do & 32 other titles.

**Names:**
Perry, Jack

Barry White Family Trust

Seven Songs

Peradine Music

**USCO Catalog Link:**
https://publicrecords.copyright.gov/detailed-record/voyager_22353689

© U.S. Copyright Office

Disclaimer: This material was generated by the pilot of the U.S. Copyright Office's Copyright Public Records System (CPRS). The pilot is under development and is not the final version of the CPRS. This pilot does not replace or supersede the online public catalog or existing search practices the Copyright Office has established. Results obtained through the CPRS pilot should not be used for legal purposes. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

EXHIBIT I

Please discuss this with your client and get back to me ASAP with your client's position and information on this matter.

All rights reserved.

Rob

**Robert J. Finan**

Of Counsel

Greenberg Traurig, LLP

Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305

T +1 678.553.2206 | F +1 678.553.2207

FinanR@gtlaw.com | www.gtlaw.com | View GT Biography

<image001.png>

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Wednesday, April 24, 2024 9:39 PM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>
**Subject:** Re: RODNEY O

Hi Rob,

Sorry for my late reply.

I really want to comply to you and be patient, but I cannot do so at Rodney's expense. I hate that this makes me the bad guy.

I included information regarding my 30-day comment.  (See attached)

Please resolve the split dispute within 30 days of this notice.

My goal is to be able to have everyone reap the benefits of their work by being compensated and avoid opportunities being missed.
I received another email of a sync request being closed. If you can get the label to approve the master side, I can legally approve the publishing side as long as I hold the remaining 50% sync fee

to distribute properly the other 50% when whatever is being figured out is figured out.

(Please see attached) please do so if the above split dispute can be remedied. If it cannot be remedied, to avoid further violation, I will let the sync be.

If you need assistance on anything, please let me know.

We appreciate it. Thank you.

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Wednesday, April 24, 2024 11:28:04 AM
**To:** Necole Key <necole@ladykeymanagement.com>
**Subject:** RE: RODNEY O

I am not sure the status. I will check.

What is your basis for the 30 day comment?

Thanks.

Rob

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Wednesday, April 24, 2024 1:31 PM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>
**Subject:** Re: RODNEY O

Please see attached.  Is this true? Track is in a split dispute?

You are aware that a split dispute has to be resolved in 30 days from the release. This should be a priority.

Please advise

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Tuesday, April 23, 2024 6:06:58 PM
**To:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Subject:** Re: RODNEY O

FYI
I have received another request for Like That
placement for FOX Sports.
May I please obtain a sign off of splits to avoid
opportunities being passed up?

Thank you

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647


**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Tuesday, April 23, 2024 1:05:59 PM
**To:** Necole Key
<necole@ladykeymanagement.com>
**Cc:** eric@ericwmusic.com
<eric@ericwmusic.com>; CurrieB@gtlaw.com
<CurrieB@gtlaw.com>
**Subject:** RE: RODNEY O

Hi Nicole.  As you might have seen, Future
released a second project so we are working hard
to get everyone situated.  Thanks for your
continued patience.

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Wednesday, April 17, 2024 10:11 PM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent)
<FinanR@gtlaw.com>
**Cc:** eric@ericwmusic.com; Currie, Bob (Para-Atl-
Ent) <CurrieB@gtlaw.com>
**Subject:** Re: RODNEY O

HELLO
Eric do you have the splits for the song.

Cam I get updated as to the status of the long
form agreements.

Now you can see why I was trying to get all this information before signing. It's hard to get anything done after the fact.

The industry norms everyone is accustomed is its downfall. The people in it are great like all you gentlemen but it makes my job difficult

An eta for long forms would be appreciated.

Thank you

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Saturday, April 13, 2024 9:36:36 AM
**To:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Cc:** eric@ericwmusic.com <eric@ericwmusic.com>; CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Subject:** Re: RODNEY O

Hello Gentlemen,

Hope all is well, I am following up on the long form agreements, as well as requesting obtain a sign off of the agreed splits and writers.

Not having the above is causing the loss of opportunities as well as income. May you provide an ETA as to when we will receive the needed agreements.

Necole Key
Rights Manager
626-598-6647
www.ladykeymanagement.com

---

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Wednesday, April 3, 2024 12:05 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** eric@ericwmusic.com

<eric@ericwmusic.com>; CurrieB@gtlaw.com
<CurrieB@gtlaw.com>
**Subject:** RE: RODNEY O

I understand.

---

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Wednesday, April 3, 2024 2:03 PM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent)
<FinanR@gtlaw.com>
**Cc:** eric@ericwmusic.com; Currie, Bob (Para-Atl-Ent) <CurrieB@gtlaw.com>
**Subject:** Re: RODNEY O

Appreciate the follow up.  I am sure you can be empathic to how Rodney feels. This business is the only business I am aware of, that transactions of another's property are done without payment being received.  Can you image if car dealerships allowed people to drive off the car lot with the buyer telling the dealer an expected date of payment to be deposited.

Rodney, asking for us to reassure him is not too much to ask. I appreciate the quick response. Thank you.


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Wednesday, April 3, 2024 10:40:43 AM
**To:** Necole Key
<necole@ladykeymanagement.com>
**Cc:** eric@ericwmusic.com
<eric@ericwmusic.com>; CurrieB@gtlaw.com
<CurrieB@gtlaw.com>
**Subject:** RE: RODNEY O

Hi Nicole.

As Bob told you on Monday, the payment should hit your account no later than tomorrow.

We confirmed the payment has been processed and we expect this timeline is still correct.

← 88 Keys (YE HEAD O...  📞  ⋮

Would you be so kind to email me a formal request for interpolation clearance for Everlasting Bass and Like That

With the upfront non recoupable fee amount the percent you would like us to accept. Along with the splits of the other publishers.
and how sample will be credited

If you can do that then I can go for 30%

It You are clearing it with the Barry White estate that tells me you are not naming Everlasting Bass as the sample. That will harm Rodney's legacy and I will not approve clearance. If it's a remix of LIKE THAT
Credits will need to remain as listed in LIKE THAT

I hope you can understand my need to protect my clients legacy and work

Apr 25, 2024

💬 **Send a message**

← 88 Keys (YE HEAD O... 📞 ⋮

Greetings again Necole... we're practically "family here"

Necole Key x "88-Keys" lol

Thanks again for getting this quote to us in a quick turnaround

If I may ask to take into consideration the following in regards to the publishing percentage:

- we haven't used the original composition from Rodney O. & Joe Cooley as we created an interpolation of what was also interpolated in "Everlasting Bass"

From Barry White

- there are now 10 writers on the new derivative we're asking your permission to clear

It would be amazing if you could work with us more on the 50% quote given these points please

We would truly appreciate your grace

Apr 25, 2024

💬 **Send a message**

**Re: RODNEY O**

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** FinanR@gtlaw.com FinanR@gtlaw.com
**Cc:** CurrieB@gtlaw.com CurrieB@gtlaw.com
**Sent:** Saturday, April 27, 2024 at 8:02 AM

The following is to provide you and your client with knowledge in order to defend any claims of infringement from anyone in regards to Everlasting Bass and Eazy Duz It. Both tracks are transformative there LIKE THAT is protected under Fair use.

I am handling the claim, i am confident it will be resolved.
Thank you.

As the rights manager for Rodney O, I would like to present a robust argument in defense of Rodney O against any potential infringement claim from the Barry White estate regarding the derivative work "Like That."

First and foremost, it's essential to underscore the transformative nature of "Like That." This derivative work creatively integrates elements from Barry White's original compositions into a  Hip-Hop context, offering a  interpretation that adds new layers of artistic expression and cultural relevance. Rather than simply replicating or imitating Barry White's music, "Like That" repurposes it in a manner that is distinctly Rodney O's own, thereby embodying the essence of fair use.

Furthermore, it's crucial to highlight the historical significance and cultural legacy of Rodney O's original composition, "Everlasting Bass." Released in 1989 and registered with the U.S Copyright Office "Everlasting Bass" has become a certified classic in the Hip-Hop genre, influencing countless artists and shaping the musical landscape. By incorporating elements from "Everlasting Bass" into "Like That," Rodney O pays homage to his own artistic contributions while simultaneously bridging the generational gap and introducing his music to new audiences.

Additionally, it's important to address any concerns regarding the non-competitive nature of "Like That" in relation to Barry White's original works. Far from seeking to undermine or overshadow Barry White's music, "Like That" serves to celebrate and elevate it, showcasing the enduring impact and versatility of his compositions within the evolving landscape of Hip-Hop.

Moreover, as Rodney O's rights manager, it's crucial I assert the legal protections afforded by the Fair Use Doctrine. This cornerstone of copyright law recognizes the importance of transformative works in fostering creativity, innovation, and cultural continuity. protection under fair use. one of the most dynamic and prominent defenses is the Fair Use Doctrine, so much so, that in 2008, the District Court in Lenz v. Universal Music Corp. agreed that the failure to consider the Fair Use Doctrine before requesting a takedown notice of the work could give rise to a crossclaim for failure to act in good faith when bringing the claim.  Lenz v. Universal Music Corp., 815 F.3d 1145, 1151 (9th Cir. 2016).  It's no secret how powerful the doctrine can be in defending against infringement claims, from the Barry White estate.


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Friday, April 26, 2024 5:19:55 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Subject:** Re: RODNEY O

Thanks Necole. Fair use is defense. That means you need to take on the claim. This will need to be dealt with.

Sent from my iPhone

On Apr 26, 2024, at 5:33 PM, Necole Key <necole@ladykeymanagement.com> wrote:

Rodney Oliver copyright the composition for Everlasting Bass in 1988 as an original work.

The wrongful claim of infringement against Like That was caused by Kayne West remix of Like That where he publicly states he did interpolation of Barry White  and not Everlasting Bass. Rodney's Everlasting Bass composition which has no samples or any claims of infringement.

United States copyright law, transformative use or transformation is a type of fair use that builds on a copyrighted work in a different manner or for a different purpose from the original, and thus does not infringe its holder's copyright.

Everlasting Bass is protected under fair use, transformative work in which Rodney created an new style, the Miami Bass sound and as a known pioneer,  a new genre called hip hop and debut his career with the track Everlasting Bass
Therefore his composition does not infringe on Barry White's work. Therefore Like That does not infringe on Barry White work.

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Thursday, April 25, 2024 3:09:35 PM
**To:** FinanR@gtlaw.com <FinanR@gtlaw.com>

I find it odd how you demand a response to immediately but have failed to respond to what I have requested.

Please  have the estate contact myself if in fact their is a claim against Rodney from the Barry Estate. I will be happy to deal with them myself.

Thank you.

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Thursday, April 25, 2024 3:04:45 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Subject:** RE: RODNEY O

Necole,

It has just come to our attention that Sony has received a claim from The Barry White Family Trust apparently related to the Rodney O song "Everlasting Bass".

The claim contends that the Future song "Like That" interpolates the Barry White song "I'm Gonna Love You Just A Little Bit More Baby."

The baseline from the White song in question is allegedly embodied within the Rodney O song "Everlasting Bass".

As you know, your client represented that he owned the master and composition and could grant the rights he did.

If the claim is correct, these representations would be incorrect.

Please discuss this with your client and get back to me ASAP with your client's position and information on this matter.

All rights reserved.

Rob

**Robert J. Finan**

Of Counsel

Greenberg Traurig, LLP

Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305

T +1 678.553.2206 | F +1 678.553.2207

FinanR@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Wednesday, April 24, 2024 9:39 PM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>
**Subject:** Re: RODNEY O

Hi Rob,

Sorry for my late reply.

I really want to comply to you and be patient, but I cannot do so at Rodney's expense. I hate that this makes me the bad guy.

I included information regarding my 30-day comment.  (See attached)

Please resolve the split dispute within 30 days of this notice.

My goal is to be able to have everyone reap the benefits of their work by being compensated and avoid opportunities being missed.
I received another email of a sync request being closed. If you can get the label to approve the master side, I can legally approve the publishing side as long as I hold the remaining 50% sync fee

**HERBSMAN HAFER WEBER & FRISCH, LLP**
ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH
_____
RAKHIL KALANTAROVA
_____
JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
_____

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

May 7, 2024

**Via Email and Regular Mail:** Stephanie.Yu@sonymusic.com

Stephanie Yu, Esq.
Epic Records
25 Madison Avenue, 19th Floor
New York, NY 10010

**Via Email and Regular Mail:** FinanR@gtlaw.com

Robert J. Finan, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE | Suite 2500
Atlanta, GA 30305

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Ms. Christina Suarez
EVP, Business & Legal Affairs
Republic Records
1755 Broadway
New York, NY 10019

**Via Email and Regular Mail:** necolekey@gmail.com

Mr. Rodney Oliver
p/k/a Rodney O
c/o Necole Key, Rights Manager
Lady Key Management

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **2**

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Boominati Worldwide
c/o Universal Music Group, Inc.
2220 Colorado Ave,
Santa Monica, CA 90404

**Via Email and Regular Mail:** legal@integral.studio

Freebandz Entertainment
c/o Felicia Magama
Wilburn Holding Co.
1465 Northside Dr,
Atlanta, GA, 30044

   *Re:*  *"Like That" Copyright Infringement Notice*

Ladies and Gentlemen:

  We are the attorneys for the Barry White Family Trust, successor in interest to all intellectual property rights of the late Barry White (the "Trust"). The Trust is the sole and exclusive owner of the registered copyright in and to "I'm Gonna Love You Just A Little More, Baby". This anthemic song (written, produced and recorded by Barry White), released in the spring of 1973, was the first single from Mr. White's 1973 debut album "I've Got So Much to Give" and hit number one on the United States R&B chart; number three on the Billboard Pop singles chart and was certified gold by the RIAA (the "Copyrighted Work").

  It has come to our attention that you have infringed the Copyrighted Work by interpolating the musical "hook" of the Copyrighted Work in a new work entitled "Like That" (the "Infringing Work"). It is our understanding that the Infringing Work was released by Wilburn Holding Co. and Boominati Worldwide, under exclusive license to Epic Records, a division of Sony Music Entertainment, with Republic Records, a division of UMG Recordings, Inc. and such use was not

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | 3

authorized by our client. It is also our understanding that a license was issued for use of a sample from the song "Everlasting Bass", which sample also infringes the Copyrighted Work.

Your use constitutes a willful infringement of our client's rights under the Copyright Act, which infringement will subject you to a wide variety of legal penalties, including but not limited to damages, costs and attorney's fees. Our client is also entitled to seek statutory damages for willful infringement in an amount of One Hundred Fifty Thousand ($150,000) Dollars, per infringement, for use of the Copyrighted Work. Willful intent by you is clear as multiple sources easily located online report that "Everlasting Bass" sampled the Copyrighted Work.

This letter shall also constitute notice of our copyright claims throughout the world in any territory where the Infringing Work is sold. In addition, this letter shall also serve as notice of infringement in connection with interpolation of the Copyrighted Work in the song "Everlasting Bass" within any applicable statutes of limitations.

<u>LITIGATION HOLD</u>

Unless and until this matter is resolved, this letter shall constitute notice of potential litigation.

Electronically stored information can be easily altered, deleted, or otherwise modified; and it is common to dispose of it some electronic material in the normal course of business. However, under the governing law, it would be improper, following your receipt of this notice, for you to fail to take all necessary steps to fully preserve all of the electronic stored information in question, regardless of past practices. Your failure to preserve and retain the electronically stored information described in this notice may constitute the spoliation of evidence that could subject you or any of your subsidiaries, divisions, agents, and employees to sanctions by the court, legal claims for damages, or both.

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **4**

For purposes of this notice, the term "electronically stored information" includes, but is not limited to, the following: text files (including word processing files and file fragments); social media data, including log-in information, messages, and posts by you or anyone who follows or interacts with you on social media; metadata; spread sheets; electronic mail (including message contents, attachments, header information, logs of e-mail system usage, and "deleted" files); text messages; data in the information management system, containing the indexes of all databases; the databases themselves, including all records and field and structural information in them; logs of activity on any computer system that may have processed or stored electronic data containing litigation information; data created by financial, accounting, billing, and spreadsheet programs; files and file fragments from electronic calendars and scheduling programs; Internet history files and preferences; graphical image format ("GIF") files; all file fragments and backup files containing electronic data; telephone logs; voice mail files; PowerPoint presentations; contact manager information; and all other electronic data containing information about, or that may be relevant to, the litigation.

Any pertinent information stored online--whether stored in direct-access storage devices attached to a mainframe or minicomputer hard drives, personal computers (PCs), or laptops--must be preserved. If any files must be altered for any reason, a true and correct copy of each data file pertinent to the litigation must be made, and the copy should be preserved and made accessible.

Any activity that could result in the loss of relevant "off-line" data or removable data storage--such as backups and archives or other disaster recovery systems, servers, floppy disks, zip drives and zip files, optical disks, tapes, compact disks or diskettes, laptops, handheld devices, disconnected hard drives, and other removable electronic media, as well as personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voice mail)--must be halted. This includes rotation, destruction, overwriting, or erasure of such media, including the disposal of any electronic data storage devices or media that has failed or had to be replaced for other reasons.

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **5**

Relevant information contained on any fixed hard drives of stand-alone PCs and network workstations must not be altered or erased. Procedures such as data compression, disk defragmentation, or optimization routines must not be performed without first creating and preserving true and correct copies of active files. Also, true and correct copies of completely restored versions of deleted electronic files and file fragments, as well as directory and subdirectory lists, including hidden files, must be created and retained.

Copies of all applications and utilities that process pertinent information must be preserved and retained.

Passwords, decryption procedures, including accompanying software, network access codes, ID names, manuals, tutorials, written instructions, and decompression or reconstruction software must be preserved.

Any modifications made by employees or third parties to any electronic data-processing systems that may affect the system's capacity to process data relevant to the instant litigation should be logged and made available.

All relevant hardware must be preserved and not disposed of unless a true and correct copy of all files (a mirror image) is first created and preserved.

With regard to any electronic data created after receipt of this letter that might be relevant to this litigation, proper steps must be taken to avoid destroying or altering such potentially relevant evidence, including following the above procedures. Please be further advised that this relates to all potential discovery materials, whether electronically stored or not.  It applies to all social media posts of any kind or nature, including but not limited to Facebook, LinkedIn, Tik Tok and Instagram.  It applies to any business or personal email accounts and other records of any nature or kind by you in connection with all claims, dealings with the Copyrighted Work or any other party or potential witness involved in the Claim.

Nothing herein shall be deemed a waiver of any of our client's rights or admission of any liability, and all rights, remedies and claims are hereby reserved.

HERBSMAN HAFER WEBER & FRISCH, LLP

> Stephanie Yu, Esq.
> Robert J. Finan, Esq.
> Ms. Christina Suarez
> Mr. Rodney Oliver
> Freebandz Entertainment
> May 7, 2024
> P a g e  | **6**

This letter is sent in the course of enforcement of our clients' rights. As such, this letter is a demand for potential settlement communication; it should not be published, copied or distributed for any purpose other than litigation purposes.

> We ask that you respond by no later than close of business on May 13th, 2024.

> > Very truly yours,

> > HERBSMAN HAFER WEBER
> > & FRISCH, LLP

> > Dorothy M. Weber, Esq.

DMW/rr

# HERBSMAN HAFER WEBER & FRISCH, LLP
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH

RAKHIL KALANTAROVA

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

May 16, 2024

**Via Email:** necole@ladykeymanagement.com

Ms. Necole Key, Rights Manager
Lady Key Management

   *Re:*  *"Like That" Copyright Infringement*

Dear Ms. Key:

   Thank you for your email dated May 16, 2024. Pursuant to your request, attached please find a copy of the copyright registration for "I'm Gonna Love You Just A Little More, Baby". The hook from Mr. White's Copyrighted Work is used throughout the Everlasting Bass song so a time stamp is unnecessary.

   We look forward to your immediate response to the substantive demands made in our claim letter.

   Sent with the usual reservation of rights.

       Very truly yours,
       HERBSMAN HAFER WEBER
       & FRISCH, LLP

       Dorothy M. Weber, Esq.

DMW/rr

cc: Stephanie Yu, Esq.
  Robert J. Finan, Esq.
  Ms. Christina Suarez
  Freebandz Entertainment


United States Copyright Office

Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Left Anchored Name = white, barry
Search Results: Displaying 195 of 535 entries



Labeled View

*I'm gonna love you just a little more, babe.*

**Type of Work:** Music
**Registration Number / Date:** RE0000841799 / 2001-01-05
Renewal registration for: EU0000387551 / 1973-01-08
**Title:** I'm gonna love you just a little more, babe.
**Notes:** Words & music.
**Copyright Claimant:** Barry White (A)
**Names:** White, Barry



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format  Full Record  ⌄ | Format for Print/Save | |
| Enter your email address: | | Email |

---

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



**United States Copyright Office**

Try the **Copyright Public Records System (CPRS)** pilot with enhanced
search features and filters.

| Help | Search | History | Titles | Start Over |
| --- | --- | --- | --- | --- |

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Left Anchored Name = white, barry

Search Results: Displaying 196 of 535 entries



**Labeled View**

---

*I'm gonna love you just a little more, babe; By Barry White.*

**Type of Work:** Recorded Document

**Document Number:** V1901P275

**Date of Recordation:** 1982-04-09

**Entire Copyright Document:** V1901P275-280

**Date of Execution:** 5Dec72; date of cert.: 31Mar82

**Title:** I'm gonna love you just a little more, babe; song / By Barry White.

**Party 1:** Barry White doing business under the firm name and style of Sa-Vette Music.

**Party 2:** Broadcast Music, Inc.

**Names:** White, Barry
Sa-Vette Music
Broadcast Music, Inc.



| Save, Print and Email (**Help Page**) |
| --- |
| Select Download Format  Full Record  ⌄   Format for Print/Save |
| Enter your email address:                                    Email |

---

Help  Search  History  Titles  Start Over



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Left Anchored Name = white, barry
Search Results: Displaying 197 of 535 entries



**Labeled View**

*I'm gonna love you just a little more, baby. By Barry White.*

|  |  |
|---|---|
| **Type of Work:** | Music |
| **Registration Number / Date:** | RE0000840933 / 2001-01-05 |
| | Renewal registration for: EP0000311362 / 1973-05-07 |
| **Title:** | I'm gonna love you just a little more, baby. By Barry White. |
| **Copyright Claimant:** | Barry White (A) |
| **Basis of Claim:** | New Matter: piano arr. with guitar chords. |
| **Variant title:** | I'm gonna love you just a little more, baby |
| **Names:** | White, Barry |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format  Full Record  ∨    Format for Print/Save |
| Enter your email address:                                Email |

Help   Search   History   Titles   Start Over

**Re: Letter to Necole Key 5.16.2024**

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Ryan Powers rpowers@selfandpowers.com
**Sent:** Thursday, June 6, 2024 at 1:25 PM

To be fair if we can assume both Mittoo and White have copyright in the year 1974 per White's sheet music. Jackie Mittoo work will fall into the public domain for failing to have a fixed notice of copyright, so wouldn't it be fair use.

Necole Key
Rights Manager
626-598-6647
www.ladykeymanagement.com

---

**From:** Ryan Powers <rpowers@selfandpowers.com>
**Sent:** Thursday, June 6, 2024 12:58 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Subject:** Fwd: Letter to Necole Key 5.16.2024

Necole:

Please see below from Dorothy:

Begin forwarded message:

**From:** Dorothy Weber
<dorothy@musiclaw.com>
**Subject: RE: Letter to Necole Key 5.16.2024**
**Date:** June 6, 2024 at 12:07:34 PM PDT
**To:** Ryan Powers Law
<ryan@ryanpowerslaw.com>, Michael Chicolo
<chic@musiclaw.com>
**Cc:** Jonas Herbsman
<jonas@musiclaw.com>,
"Stephanie.Yu@sonymusic.com"
<Stephanie.Yu@sonymusic.com>,
"FinanR@gtlaw.com" <FinanR@gtlaw.com>,
"legal@integral.studio"
<legal@integral.studio>,
"Christina.Suarez@umusic.com"
<Christina.Suarez@umusic.com>

Hi Ryan:   In furtherance of our discussion today, we have confirmed that the Jackie Mittoo track was released after Mr. White's song was released.   It is also our understanding that Mr. Mittoo did not perform with Mr. White.   We look forward to receiving any information you have as expeditiously as possible.

Regards, Dorothy

Dorothy M. Weber, Esq.
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Suite 600
New York, NY 10001
Direct Dial: (646) 795-6068
Fax: (212) 956-6471
E-Mail: dorothy@musiclaw.com
http://www.linkedin.com/in/dorothymweberesq/

---

**From:** Ryan Powers Law <ryan@ryanpowerslaw.com>
**Sent:** Monday, May 20, 2024 1:56 PM
**To:** Michael Chicolo <chic@musiclaw.com>
**Cc:** Dorothy Weber <dorothy@musiclaw.com>; Jonas Herbsman <jonas@musiclaw.com>; Stephanie.Yu@sonymusic.com; FinanR@gtlaw.com; legal@integral.studio; Christina.Suarez@umusic.com
**Subject:** Re: Letter to Necole Key 5.16.2024

June 6th will be ok. Please send a calendar invite and call in thanks.
Ryan W. Powers

o: 323-487-0383
f: 323-487-0383
e: ryan@ryanpowerslaw.con

On May 20, 2024, at 5:41 PM, Michael Chicolo <chic@musiclaw.com> wrote:

Mr. Powers,

May we schedule this call for either June 3rd or June 6th at either 9:00am or 10:00am PST?

Sincerely,

Michael Chicolo

Assistant

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Ave., Sixth Floor

New York, NY 10001

T: (646) 795-6079

---

**From:** Ryan Powers <ryan@ryanpowerslaw.com>
**Sent:** Friday, May 17, 2024 9:53 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Cc:** Jonas Herbsman <jonas@musiclaw.com>; Stephanie.Yu@sonymusic.com; FinanR@gtlaw.com; legal@integral.studio; Christina.Suarez@umusic.com
**Subject:** Re: Letter to Necole Key 5.16.2024

Dorothy:

Does 9:00 or 10:00 AM on either Tuesday, June 4th, or Wednesday, June 5th work for you?

-Ryan Powers


On May 17, 2024, at 2:47 PM, Dorothy Weber <dorothy@musiclaw.com> wrote:

Hi Ryan:   Nice to e-meet you.   Please give me some times the week of the 3rd that work for you.   Regards, Dorothy

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

**From:** Ryan Powers
<ryan@ryanpowerslaw.com>
**Sent:** Friday, May 17, 2024 5:28 PM
**To:** Dorothy Weber
<dorothy@musiclaw.com>
**Cc:** Jonas Herbsman
<jonas@musiclaw.com>; Stephanie.Yu@so
nymusic.com; FinanR@gtlaw.com; legal@i
ntegral.studio; Christina.Suarez@umusic.c
om
**Subject:** Re: Letter to Necole Key
5.16.2024

Dorothy:

By way of introduction, my name is
Ryan Powers and my firm has just been
engaged to assist in this matter.

As I am just being brought up to speed
(and will be out of the country for two
weeks starting next week), I would
appreciate the courtesy of a short
extension to respond to any
substantive claims until we have the
opportunity to speak upon my return. I
would suggest we schedule a call the
week of June 3rd, 2024 if you are
available.

For clarity, I have not yet been
authorized to accept service of
process.

All rights reserved.

Kind regards,

Ryan Powers

p. 323-487-0383
e. ryan@ryanpowerslaw.com

**From:** Dorothy Weber
<[dorothy@musiclaw.com](mailto:dorothy@musiclaw.com)>
**Sent:** Friday, May 17, 2024 9:00:35 AM
**To:** Necole Key
<[necole@ladykeymanagement.com](mailto:necole@ladykeymanagement.com)>
**Cc:** Jonas Herbsman
<[jonas@musiclaw.com](mailto:jonas@musiclaw.com)>; [Stephanie.Yu
@sonymusic.com](mailto:Stephanie.Yu@sonymusic.com) <[Stephanie.Yu@sony
music.com](mailto:Stephanie.Yu@sonymusic.com)>; [FinanR@gtlaw.com](mailto:FinanR@gtlaw.com)<[Finan
R@gtlaw.com](mailto:FinanR@gtlaw.com)>; Suarez, Christina
<[Christina.Suarez@umusic.com](mailto:Christina.Suarez@umusic.com)>; [legal
@integral.studio](mailto:legal@integral.studio) <[legal@integral.studio](mailto:legal@integral.studio)
>
**Subject:** RE: Letter to Necole Key
5.16.2024

Dear Ms. Key:     We are, of course, fully
aware of the  1909  Copyright Act and
its successors.   The sheet music and
the record were published with the
appropriate copyright notices and our
registrations are prima facie evidence
of a valid copyright

I think these exchanges   sufficiently
cover "Copyright Law 101".   We now
would appreciate a substantive
response to our copyright infringement
claims and address your client's use of
our Copyrighted Work and any licenses
granted to third parties for use of
Everlasting Bass.   If you are not
prepared to do that, please advise
whether or not you are authorized to
accept service of process.

This letter is written with a full
reservation of rights, all of which are
hereby expressly reserved.

Very truly yours,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothy
mweberesq/

---

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Thursday, May 16, 2024 4:43 PM
**To:** Dorothy Weber
<dorothy@musiclaw.com>
**Cc:** Jonas Herbsman
<jonas@musiclaw.com>; Stephanie.Yu
@sonymusic.com; FinanR@gtlaw.com;
Suarez, Christina
<Christina.Suarez@umusic.com>; legal
@integral.studio
**Subject:** Re: Letter to Necole Key
5.16.2024

Thank you for your quick reply.

For works first published on or after
March 1, 1989, use of the copyright
notice is optional. Before March 1,
1989, the use of the notice was
mandatory on all published works.
Omitting the notice on any work first
published from January 1, 1978, to
February 28, 1989, could have
resulted in the loss of copyright
protection if corrective steps were
not taken within a certain amount of
time. Works published before
January 1, 1978, are governed by
the 1909 Copyright Act. Under that
law, if a work was published under
the copyright owner's authority
without a proper notice of copyright,
all copyright protection for that
work was permanently lost in the
United State

As I am sure you are aware of all the above.

To ensure clarity and avoid any misunderstandings, could you please provide us with a picture of the fixed notice of copyright as required by the law?

We appreciate your cooperation and time.

Necole Key
Rights Manager
[www.ladykeymanagement.com](www.ladykeymanagement.com)
626-598-6647

---

**From:** Ricardo Rosado <[ricardo@musiclaw.com](ricardo@musiclaw.com)>
**Sent:** Thursday, May 16, 2024 1:01:11 PM
**To:** Necole Key <[necole@ladykeymanagement.com](necole@ladykeymanagement.com)>
**Cc:** Dorothy Weber <[dorothy@musiclaw.com](dorothy@musiclaw.com)>; Jonas Herbsman <[jonas@musiclaw.com](jonas@musiclaw.com)>; [Stephanie.Yu@sonymusic.com](Stephanie.Yu@sonymusic.com)<[Stephanie.Yu@sonymusic.com](Stephanie.Yu@sonymusic.com)>; [FinanR@gtlaw.com](FinanR@gtlaw.com)<[FinanR@gtlaw.com](FinanR@gtlaw.com)>; Suarez, Christina <[Christina.Suarez@umusic.com](Christina.Suarez@umusic.com)>;[legal@integral.studio](legal@integral.studio) <[legal@integral.studio](legal@integral.studio)>
**Subject:** Letter to Necole Key 5.16.2024

Dear Ms. Key:

On behalf of Dorothy Weber, Esq., please see the attached letter.

Please do not respond to my email, any response should be directed to [dorothy@musiclaw.com](dorothy@musiclaw.com).

Sincerely,

Ricardo Rosado
Legal Assistant to Dorothy M. Weber, Esq.
Herbsman, Hafer,Weber & Frisch, LLP
494 Eighth Avenue, 6th Floor
New York, New York 10001
Phone: (212) 245-4580 Ext. 6064
Fax: (212) 956-6471
Email: ricardo@musiclaw.com

**Re: Copyright Infringement Notice - Like That 5.7.2024**

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Nécole Key necolekey@gmail.com, Dorothy Weber dorothy@musiclaw.com
**Cc:** Stephanie.Yu@sonymusic.com
Stephanie.Yu@sonymusic.com,
FinanR@gtlaw.com FinanR@gtlaw.com,
Christina.Suarez@umusic.com
Christina.Suarez@umusic.com,
legal@integral.studio legal@integral.studio
**Sent:** Thursday, May 16, 2024 at 11:19 AM

Greetings

I hope this email finds you well.

I am writing in response to the alleged infringement against my client Rodney Oliver's registered copyright work, "Everlasting Bass," released in 1989.

Registration Number / Date: PAU001347711 / March 27, 1990

Allow me to first acknowledge the significant contributions of Barry White to the music industry.

While we take all claims seriously, it is imperative to ensure the validity and accuracy of such claims. Therefore, I respectfully request that you provide a valid copyright registration of the track "I'm Gonna Love You a Little Bit More Baby," released in 1973 on Twenty Century Records.

Furthermore, in order to facilitate a thorough review of the alleged infringements, I kindly ask that you provide timestamps indicating the specific instances where you believe infringement has occurred on both tracks. This will enable us to conduct a comprehensive

To ensure a timely resolution of this matter, I kindly request that you provide the requested information or acknowledgment of the request by May 20, 2024.
and to be directed to my business email

[necole@ladykeymanagement.com](mailto:necole@ladykeymanagement.com)

We remain committed to upholding copyright laws and respecting the intellectual property rights of all parties involved. Your cooperation in providing the requested information is essential to ensuring a fair and equitable resolution to this matter.

Thank you for your attention to this request. Should you require any further information or clarification, please do not hesitate to contact me directly.

Warm regards,

Necole Key
Rights Manager
[www.ladykeymanagement.com](http://www.ladykeymanagement.com)
626-598-6647

---

**From:** Nécole Key <[necolekey@gmail.com](mailto:necolekey@gmail.com)>
**Sent:** Thursday, May 16, 2024 11:17:30 AM
**To:** Dorothy Weber <[dorothy@musiclaw.com](mailto:dorothy@musiclaw.com)>;
Necole Key <[necole@ladykeymanagement.com](mailto:necole@ladykeymanagement.com)>
**Cc:** [Stephanie.Yu@sonymusic.com](mailto:Stephanie.Yu@sonymusic.com)
<[Stephanie.Yu@sonymusic.com](mailto:Stephanie.Yu@sonymusic.com)>;
[FinanR@gtlaw.com](mailto:FinanR@gtlaw.com) <[FinanR@gtlaw.com](mailto:FinanR@gtlaw.com)>;
[Christina.Suarez@umusic.com](mailto:Christina.Suarez@umusic.com)
<[Christina.Suarez@umusic.com](mailto:Christina.Suarez@umusic.com)>;
[legal@integral.studio](mailto:legal@integral.studio) <[legal@integral.studio](mailto:legal@integral.studio)>
**Subject:** Re: Copyright Infringement Notice - Like That 5.7.2024

Greetings

I hope this email finds you well.

I am writing in response to the alleged infringement against my client Rodney Oliver's registered copyright work, "Everlasting Bass," released in 1989.

Registration Number / Date: PAU001347711 / March 27, 1990

Allow me to first acknowledge the significant contributions of Barry White to the music industry.

While we take all claims seriously, it is imperative to ensure the validity and accuracy of such claims. Therefore, I respectfully request that you provide a valid copyright registration of the track "I'm Gonna Love You a Little Bit More Baby," released in 1973 on Twenty Century Records.

Furthermore, in order to facilitate a thorough review of the alleged infringements, I kindly ask that you provide timestamps indicating the specific instances where you believe infringement has occurred on both tracks. This will enable us to conduct a comprehensive analysis and gain a clear understanding of the alleged infringements.

To ensure a timely resolution of this matter, I kindly request that you provide the requested information or acknowledgment of the request by May 20, 2024.
and to be directed to my business email

necole@ladykeymanagement.com

We remain committed to upholding copyright laws and respecting the intellectual property rights of all parties involved. Your cooperation in providing the requested information is essential to ensuring a fair and equitable resolution to this matter.

Thank you for your attention to this request. Should you require any further information or

clarification, please do not hesitate to contact
me directly.

Warm regards,
null


On Tue, May 7, 2024, 3:21 PM Ricardo Rosado
<ricardo@musiclaw.com> wrote:

> Ladies and Gentlemen:
>
> On behalf of Dorothy Weber, Esq., please see
> the attached letter.
>
> Please do not respond to my email, any
> response should be directed to
> dorothy@musiclaw.com.
>
>
> Sincerely,
>
> Ricardo Rosado
>
> Legal Assistant to Dorothy M. Weber, Esq.
>
> Herbsman, Hafer,Weber & Frisch, LLP
>
> 494 Eighth Avenue, 6th Floor
>
> New York, New York 10001
>
> Phone: (212) 245-4580 Ext. 6064
>
> Fax: (212) 956-6471
>
> Email: ricardo@musiclaw.com

## HERBSMAN HAFER WEBER & FRISCH, LLP
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH
————
RAKHIL KALANTAROVA
————
JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
————

WRITER'S E-MAIL:
dorothy@musiclaw.com

July 2, 2024

**Via Email:** ryan@ryanpowerslaw.com

Ryan W. Powers, Esq.
Attorney at Law

   *Re: Estate of Barry White v. Rodney Oliver and Joe Cooley*

Dear Mr. Powers:

   This letter shall serve as our notice that your clients' refusal to engage in meaningful settlement discussions or to agree to hold monies in escrow pending a litigation or resolution of the litigation, have caused the loss of a substantial licensing income.

   Please be advised that this constitutes additional damages based on your clients' infringement.

   This letter is written without prejudice to our client's rights or remedies, at law or in equity, all of which are hereby expressly reserved.

   Very truly yours,

   HERBSMAN HAFER WEBER
   & FRISCH, LLP

   Dorothy M. Weber, Esq.

DMW/rr

cc: Jonas E. Herbsman, Esq.

**Fw: Letter to Ryan Powers 7.2.2024**

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Rodney rodneyocali@yahoo.com
**Sent:** Saturday, August 17, 2024 at 4:27 AM


Necole Key
Rights Manager
626-598-6647
www.ladykeymanagement.com

---

**From:** Ryan Powers <ryan@ryanpowerslaw.com>
**Sent:** Thursday, July 4, 2024 7:19 AM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** Rodney <rodneyocali@yahoo.com>; Scott
Bradford <scott@selverne.com>
**Subject:** Re: Letter to Ryan Powers 7.2.2024

Necole:

I have worked diligently on behalf of Rodney to
attempt to resolve and negotiate these splits;
however, please note that Dorothy was under the
impression that I had refused the WWE license,
which was not the case as I was never privy to
any communications with this licensor. I had
already responded to her as I noted below prior
to your email and had diffused the situation for
now. I would strongly suggest working with the
potential licensors and stakeholders to approve
potential licenses and placing money in escrow
pending resolution if possible.

I respect your choice to move forward with any
counsel of your choice; however, it is my duty to
inform Rodney that there is a huge risk of
litigation if this is not resolved swiftly. There is
exposure both from the Barry White estate and
from Epic/Future as Barry White could sue for
copyright infringement and Epic and Future's
side could sue Rodney for indemnification of
their losses as well. Given the costs of litigation
and the risks of losing (combined with the

potential upside and money to be made from "Like That"), it would be advisable to resolve the composition splits rather than risk losing and being liable for actual damages, disgorgement of profits, and potentially attorney's fees which would be millions of dollars. It is my opinion that it is not likely Rodney would be able to prevail in this litigation given the evidence that has been presented and the overwhelming case law and precedence that is not in our favor. The current claims against the composition are at 140% with the parties claiming as follows:

Kendrick Lamar Duckworth      7%
Nayvadius Wilburn              7%
Kobe Hood            3.5%
Leland Wayne             17.5%
SAMPLE: Eazy E "Eazy Duz It"         15.00% -
Bridgeport                  TBC%
Bridgeport                  TBC%
Bridgeport              TBC%
Red Brick Songs/Rubber Band Music      TBC%
Ruthless Attack Muzick          TBC%
Ruthless Attack Muzick          TBC%
Ruthless Attack Muzick           TBC%
INTERPOLATION: Barry White Estate 50%
SAMPLE: Everlasting Bass 40%

I wish you the best of luck moving forward and please let me know if I can be of any assistance as I remain willing to help in any way I can.

Kind regards,

Ryan Powers

On Jul 3, 2024, at 10:18 AM, Necole Key <necole@ladykeymanagement.com> wrote:

Ryan,

The reason she feels that way is because of how you are handling the case. I have asked you  to engage multiple times with her to let her know what we would like to do to get her Pais as well as all sample owners.

Please see this email as a formal request to remove you from the case. Please cease further contact with the Barry White Estate. I will have my new counsel contact her

Thank you

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** Ryan Powers <ryan@ryanpowerslaw.com>
**Sent:** Tuesday, July 2, 2024 1:27:33 PM
**To:** Necole Key
<necole@ladykeymanagement.com>
**Subject:** Fwd: Letter to Ryan Powers 7.2.2024

Necole:

Below please see the latest from Dorothy.

This is my response:

----

Dorothy:

In no way are we refusing to engage in settlement discussions and we have actively been able to resolve the total splits to the composition.

We have not received any monies, but we have no objection to any potential composition license fees being held in escrow pending resolution.

All rights reserved.

-Ryan

  Begin forwarded message:

  **From:** Ricardo Rosado
  <ricardo@musiclaw.com>

**Subject: Letter to Ryan Powers 7.2.2024**

**Date:** July 2, 2024 at 1:05:50 PM PDT

**To:** "ryan@ryanpowerslaw.com" <ryan@ryanpowerslaw.com>

**Cc:** Dorothy Weber <dorothy@musiclaw.com>, Jonas Herbsman <jonas@musiclaw.com>

Dear Mr. Powers:

On behalf of Dorothy Weber, Esq., please see the attached letter.

Please do not respond to my email, any response should be directed to dorothy@musiclaw.com.

Sincerely,

Ricardo Rosado
Legal Assistant to Dorothy M. Weber, Esq.
Herbsman, Hafer,Weber & Frisch, LLP
494 Eighth Avenue, 6th Floor
New York, New York 10001
Phone: (212) 245-4580 Ext. 6064
Fax: (212) 956-6471
Email: ricardo@musiclaw.com

Exhibit J

 Outlook

---

**Urgent: Licensing Violations & Legal Action – 'Like That' Rights Holders**

---

**From** Necole Key <necole@ladykeymanagement.com>

**Date** Fri 2/21/2025 6:23 PM

**To** asaleh@emagen.com <asaleh@emagen.com>; ryan@salxco.com <ryan@salxco.com>

📎 1 attachment (540 KB)

Like That disclosure .PDF;

Dear Artists and their representatives,

I am Necole Key.  Rodney Oliver (Rodney O)rights manager. This letter serves as a formal notice to inform all relevant parties of the improper and unethical handling of licensing for "Like That" by Future. This notice is intended to provide transparency and to notify the artists, songwriters, and their teams of the blatant disregard by Epic Records and Wilburn Holdings co. (Future's team) for the rights, contributions, and fair share owed to all creators involved in the new work,  *Like That*. The attached document outlines critical issues, including undisclosed rights holders, unauthorized modifications, and delayed compensation

---

 Key Legal Violations Identified:

 1. Fraudulent Non-Disclosure of Rights Holders
   - Epic Records allegedly failed to disclose all contributing rights holders, including Kendrick Lamar and songwriter Kobe.
   - Rodney O's team requested a full list of publishers on March 19, 2024, but Epic ignored the request, leading to financial losses and obstructed payments.
   - This could constitute fraudulent misrepresentation, as material rights holder information was withheld.

 2. Unauthorized Modification of the Licensed Work
   - The original licensing agreement only granted a non-exclusive, perpetual right for the specific master Rodney O approved.
   - The agreement did not include additional masters, modifications, or new featured artists.
   - Epic altered the song without permission, releasing a derivative version on March 22, 2024, featuring Kendrick Lamar without Rodney's approval.
   - This is a clear contractual breach, as Epic exceeded the scope of the original license.

 3. Copyright Infringement and Unauthorized Derivative Work
   - U.S. Copyright Law (17 U.S.C. § 106) grants the copyright holder the exclusive right to create derivative works.
   - Since Rodney O did not grant permission for alterations, Epic's modification and release of the new version without proper licensing approval violates copyright law.

- Epic Records' actions could result in statutory damages and legal liability for copyright infringement.

4. Financial Misconduct and Unjust Enrichment
- Epic's failure to disclose the correct publishing splits and rights holders likely led to lost revenue for Rodney O and other affected artists.
- Withheld payments and undisclosed earnings suggest a potential claim for unjust enrichment, where Epic benefited financially at the expense of the rightful owners

We urge all affected parties to review the information carefully and take immediate action to demand a full licensing review, rights holder disclosure, and retroactive non-exclusive licenses to ensure fair compensation. Failure to act within five (3) business days may be interpreted as acceptance of Epic Records and Wilburn Holding Co.'s handling of this matter.

Please review the attached document,

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

**Subject: Urgent Call to Action – Songwriters & Artists Affected by Licensing Violations on "Like That"**

**Dear  Artists, and Industry Professionals,**

I am reaching out as the rights manager for Rodney Oliver (Rodney O) to inform all songwriters, artists, and their teams of **serious licensing violations, undisclosed rights holders, and financial misconduct** by Epic Records and Wilburn Holding Co. concerning "Like That" by Future. This is not just Rodney's fight—**this affects everyone involved in this record.**

Epic Records has willfully disregarded **songwriter rights, transparency, and fair compensation**, leading to lost earnings, delayed publishing splits, and legal risks that impact multiple contributors.

 **If you were not fully informed about the licensing process, now is the time to act.**

## Fraudulent Non-Disclosure of Rights Holders

Epic Records failed to disclose key contributors—including Kendrick Lamar and songwriter Kobe—misleading Rodney and others about ownership splits. When Rodney's team requested a full list of publishers on March 19, 2024, Epic ignored the request, causing financial loss and obstructing fair payment.

I trust this message finds you well. We are delighted to learn that Future has chosen to sample Rodney O's track "Everlasting Bass," marking a momentous collaboration. I would like to extend our sincere gratitude for your efforts in securing permission for the use of Rodney O's Master Sound Recording and Music Composition.

To expedite the process, please feel free to send us an offer. A favorable offer will certainly streamline the proceedings. To provide clarity on our approach to licensing fees, I consider various factors:

• The commercial success of the original song,

• The notoriety of the original and sampling artists,

• The length and extent of the sample,

• Distribution channels (downloads, streaming, etc.),

• The purpose of the sample in the new recording,

• Exclusive rights requested,

• Attribution to Rodney-O.

Could you please provide information on the current rights holders for the new master and composition?

Additionally, considering Future's stature, would it be accurate to assume interest in performing the track at the upcoming Rolling Loud festival?

Regarding your request for master sample license, the mention of utilizing the Original Master in various contexts raises some questions. Could you elaborate on whether this pertains to both the original and new masters? Clarification on how these rights will be exercised, especially concerning Rodney O's original creation, would greatly assist in formulating an appropriate quote.

I am enthusiastic about finalizing this deal promptly and appreciate your cooperation. Once again, thank you for Future's sampling of "Everlasting Bass." I eagerly await your response.

Best regards, [

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

(212) 707-8804 (ph)

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Friday, March 8, 2024 3:57 PM
**To:** Eric Weissman <eric@ericwmusic.com>
**Cc:** Adam Benjamin <adam@ericwmusic.com>
**Subject:** Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That" performed by Future

Hello Eric
Appreciate you providing us your clients offer.

However my questions were not answered:

Who are the other rights holders? Epic Records owns the master and I can keep you posted on the new writers and publishers
Does Future plan to perform the track at the Rolling Loud Festival? To the best of our knowledge it will not be performed.
How are they crediting Rodney? Something along the lines of (and I'll need some add'l information from you): Contains a sample of "Everlasting Bass" written by Joe Cooley, Rodney Oliver and Jeffrey Page and performed by Rodney O & Joe Cooley, used courtesy of _____ and published by _____
Also, does the label have the authority to negotiate the publishing? I'm in contact with the proper parties in terms of negotiating the publishing side

With all this for me to assume I will need to reject their offer. I will submit a counter offer shortly.

Appreciate you.


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

Outlook

**Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That"**
**performed by Future**

**From** Necole Key <necole@ladykeymanagement.com>
**Date** Tue 3/19/2024 4:42 PM
**To**   Eric Weissman <eric@ericwmusic.com>
**Cc**   Adam Benjamin <adam@ericwmusic.com>

Hi Eric

I reached out to you yesterday and Rodney O and I left you a voice mail today.   He called you to
discuss.  You probably could have gotten the deal closer to what it was last week if we had spoken to
you. We didn't even receive a confirmation email to let us know you received my last email.

I know I was told the label was in contact with the publishers but not told they had the authority to
negotiate on their behalf. May you put me in contact with the publishers or should I reach out to them
myself? I would like them to be aware of the current situation and have the chance to advocate for
themselves.
Thank you

ALL RIGHTS RESERVED

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

From: Necole Key <necole@ladykeymanagement.com>

---

## Unauthorized Modification of the Licensed Work

The non exclusive license granted to Epic Records the non-exclusive and perpetual right to
exploit the original master  as embodied in the Future Master **SINGULAR NOT PLURAL (S)**

**The non-exclusive license was for a specific master of "Like That"—which did not**
**include Kendrick Lamar.**

Epic **altered the song without permission**, releasing an unauthorized derivative work on
March 22, 2024, and concealing this from Rodney.



Hi Necole,

Thank you for your prompt response.

Metro Boomin did contact Rodney O directly about the use of "Everlasting Bass" in "Like That" and Rodney approved:

https://www.complex.com/music/a/markelibert/rodney-o-metro-boomin-cleared-sample-like-that

Please note: prior to the release of the album, no one was privy to hearing full tracks - no one other than Future and Metro's inner circle.

According to the multiple correspondences between you and Eric Weismann, the material terms remained unchanged since prior to the record release and it seems as if the holdup has been minor details such as credit and the award of gold and platinum plaques. We don't believe its correct to consider that this sample us remains incomplete. We're just waiting to have Rodney paid.

Again, the only reason Rodney has not yet been paid is that we were missing the ACH form and once sent, it was unsigned.  Since this matter began prior to the release, we consider it to still be within your responsibilities to close. Please send us the signed ACH form and we can have Rodney paid and we can all move forward.

Thank you again and

Best wishes,

**Bob Currie**
Senior Contract Administrator

---

All contributors must **demand the following within five (3) business days:**

 **A full licensing review** and correction to ensure all songwriters receive their proper share.

**Immediate disclosure of all rights holders** (including those Epic failed to disclose).

**Secure  Retroactive non exclusive licenses for the master featuring Kendrick Lamar directly with Rodney Oliver.**

# Failure to take action now will be considered an endorsement of Epic and Wilbum Holdings Co. mishandling of this deal.

---

Failure to address these violations, I will advise **Rodney's legal team to proceed with legal action**, including:

A breach of contract, fraudulent misrepresentation, copyright infringement, and unjust enrichment.

**Seek damages** for lost revenue, withheld payments, and wrongful legal burdens imposed on Rodney.

**Pursuing all legal remedies** to hold those accountable

I urge you to take this matter with deep concern. The law will override industry norms. The tactics used by record labels and legal teams to prevent artists from protecting their rights are well-documented—but they are not legally binding.

**"But the defendant's theory that "we've always done it that way!" didn't matter here, as explained by the court:**

**Nonetheless, evidence of custom and course of dealing cannot displace rights conferred by the copyright laws. See Dun & Bradstreet Software Servs., Inc, v. Grace Consulting, Inc., 307 F.3d 197, 211 (3d Cir. 2002) ("A defense of industry custom and practice in the face of the protective provisions of the Copyright Act could undermine the purposes and objectives of the statute and reduce it to rubble.");Weinstein Co. v. Smokewood Entm't Grp., LLC, 664 F. Supp. 2d 332, 348 (S.D.N.Y. 2009) ("[N]otwithstanding plaintiff's claims about 'custom and practice' in the entertainment industry, federal copyright law dictates the terms by which an exclusive license can be granted.").**

I will not allow Rodney Oliver to fall victim to a system designed by industry executives and attorneys that disregards copyright law and contractual law.

I have a proven history of setting case law to defend the rights of creators, and I am fully prepared to take the necessary legal steps to ensure every songwriter and artist affected by this injustice is protected and compensated.

This is a critical moment for everyone involved in "Like That."
Epic Records and Wilbum Holdings Co has shown blatant disregard for your work, your compensation, and your rights.

Leaving this in the hands of Epic and Future's team is a major risk—I am available to speak directly with any affected parties.

The details of this case and our discussion should remain strictly confidential, shared only among the relevant contributors and their teams

Sincerely,
 Necole Key
 Rights Manager | Rodney O

| Step | Year | Document Number | Assignor (From) | Assignee (To) | Notes |
|------|------|-----------------|-----------------|---------------|-------|
| 1 | 1973 | EU0000387551 | Barry White | Barry White | Original copyright registration. |
| 2 | 1978 | V1669P081 | Interworld Music Group, Inc. | Six Continents Music Publishing, Inc. | Interworld transferred rights to Six Continents. |
| 3 | 1983 | V1972P205 | Six Continents Music Publishing, Inc. | Unichappell Music, Inc. | Six Continents transferred rights to Unichappell (Warner Chappell). |
| 4 | 2004 | V3510D181 | WMG Acquisition Corp. | Bank of America, NA | Warner Music used catalog as security interest. |
| 5 | 2009 | V3578D654 | Bank of America, NA | WMG Acquisition Corp. | Bank of America released security interest. |
| 6 | 2012 | V3632D201 | WMG Acquisition Corp. | Wells Fargo Bank, NA | Warner Music used catalog as security interest. |
| 7 | 2012 | V3632D201 | Wells Fargo Bank, NA | WMG Acquisition Corp. | Wells Fargo released security interest; Warner regained control. |