# HERBSMAN HAFER WEBER & FRISCH, LLP
ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH

RAKHIL KALANTAROVA

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

WRITER'S E-MAIL:
dorothy@musiclaw.com

August 7, 2025

*Granted.*

*[signature]*
*8/14/25*

<u>Via ECF</u>

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re: <u>Rodney Oliver et al. v. The Barry White Family Trust et al.</u> Case No. 25-cv-3602 (DLC)

Dear Judge Cote:

We write on behalf of the Barry White Family Trust by its co-trustees, Glodean White and Jack Perry (the "Trust") and on behalf of myself ("Weber") (collectively, "Defendants").

**<u>Insufficient Service of Process</u>**

On July 22, 2025, a process server delivered to the Trust[1] and then to Weber on July 24, 2025, a summons and civil cover sheet at Weber's office containing only the "*Summons*" and no complaint. The affidavits of service (Dkt. 21 and Dkt. 24) for each confirm that deponent served only a summons.[2]

The service of the summons without a complaint is plainly defective on its face and insufficient to establish personal jurisdiction pursuant to the explicit and unambiguous requirements of Fed. R. Civ. P. 4(c)(1) and 12(b)(5) (*see* affidavits of service (Dkt. 18, Dkt. 21 and Dkt. 24) showing that just a summons *without* a complaint was served on the individual trustees and Weber).

---

[1] Notwithstanding that Ms. Key claims that Mrs. White and Mr. Perry were served in California (Dkt. 23).

[2] This is notwithstanding that the ECF descriptions of the document state that the affidavits of service reflected that both the summons and complaint were served in each instance. They were not.

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Denise L. Cote
August 7, 2025
P a g e | **2**

### Waiver of Service

Notwithstanding that Defendants offered to sign and return a waiver of service, Ms. Key refused and instead embarked on these multiple deficient attempts to serve. Defendants remain ready to waive service.

While the failure to attach the complaint and other irregularities regarding their purported service make it clear that service of process was insufficient, in the interest of judicial economy and to avoid burdening the Court with multiple unnecessary motions, the Trust and Weber respectfully request that this letter be deemed waiver of service and the time to answer or otherwise move with respect to the Complaint (Dkt. 1) is set to thirty (30) days after all defendants are served, so that all defendants' responsive pleadings or motions are due at the same time or until October 6, 2025, whichever is later.

We respectfully submit that this approach will allow the case to proceed in a coordinated fashion without the need for multiple, staggered motions and briefing schedules.

We thank the Court for its attention and consideration.

Respectfully submitted,

HERBSMAN HAFER WEBER
& FRISCH, LLP

Dorothy M. Weber, Esq.

*Attorneys for Defendants*
*Barry White Family Trust and Dorothy M. Weber*

DMW/rr