UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Nécole Key,

Plaintiff,

v.

Barry White Family Trust, et al.,

Defendants.

Case No. 1:25-cv-03602 (DLC)

NOTICE OF MOTION (ON SHORTENED TIME)

PLEASE TAKE NOTICE that Plaintiff Nécole Key, appearing pro se, respectfully moves this Court, on shortened time, for an Order:

1. Preserving the Court's December 6, 2025 proceeding concerning Trust standing/ownership;

2. Requiring within 7 days production of standing materials by the Trust: (a) a sworn Certification of Trust identifying current trustee(s), succession, and powers to litigate/settle and receive funds; (b) trustee power/appointment pages and amendments; (c) the probate/funding bridge (inventories/schedules/decrees) for any IP/royalty assets; and (d) all executed § 204(a) assignments (or a sworn negative statement);

3. Requiring within 7 days disclosure by Trust counsel and Mr. Oliver's counsel of any litigation-funding arrangements and shared-work/communication agreements relating to filings at issue in this motion (limited to this case, subject to FRE 502(d) and redaction of SSNs/TINs/bank/health data);

4. Disregarding or striking the contradictory portions of the declarations submitted by Mr. Oliver and Ms. Jackson, and directing that any corrected declarations be limited to facts supported by contemporaneous documents; and

5. Deferring intrusive device/account discovery of Ms. Key pending compliance with ¶¶ 2–3 and resolution of standing.

This Motion is supported by the accompanying Emergency Letter-Motion, Memorandum of Law, the Declaration of Nécole Key, and Exhibits A–C (the Freundlich Law invoice/trust statement; March–April 2025 text messages; and the Trust Standing & Authority Packet), and is brought pursuant to Fed. R. Civ. P. 1, 16, 24, 26(c), 11(c)(3), and FRE 502(d), as well as the Court's inherent authority to manage its docket and ensure proportional discovery.

Pursuant to the Court's Individual Practices, Plaintiff respectfully requests the Court set this motion for consideration on submission or schedule a brief conference at the Court's convenience before December 6, 2025.

Dated: November 11, 2025

Brea, California

Respectfully submitted,

/s/ Nécole Key

Nécole Key, Pro Se

necolekey@gmail.com

---

CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2025, I caused the foregoing Notice of Motion (on Shortened Time), together with the supporting Emergency Letter-Motion, Memorandum of Law, Declaration of Nécole Key, and Exhibits A–C, to be filed via the Court's CM/ECF system, which will send notice to all counsel of record. I also caused copies to be served by email on:

- Dorothy M. Weber, counsel for Barry White Family Trust,

- Kenneth D. Freundlich, counsel for Rodney Oliver,

/s/ Nécole Key

Nécole Key

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

Nécole Key, Plaintiff,

v. Barry White Family Trust, et al., Defendants.

Case No. 1:25-cv-03602 (DLC)

BY ECF

The Honorable Denise L. Cote

United States District Judge

500 Pearl Street

New York, NY 10007

**Re: Key v. Barry White Family Trust, et al., No. 1:25-cv-03602 (DLC) — Emergency Letter-Motion to Preserve the December 6 Standing Schedule; Require Immediate Standing/Funding Disclosures; and Disregard Contradictory Declarations**

Your Honor:

The record now shows that counsel for Mr. Oliver coordinated with Trust counsel while drafting the intervention and dismissal papers, and that those efforts were financed through a payment from Sony Music Publishing into counsel's trust account on October 14, 2025. Billing entries dated Oct. 7, Oct. 27, Oct. 30, and Nov. 3 reflect contemporaneous calls with Dorothy Weber and her colleague JH, planning regarding "Rodney being brought into [the] case," and drafting/editing of the intervention and dismissal motions, followed by settlement-agreement drafting. The same ledger reflects the Sony payment and immediate disbursement to counsel. (See Ex. A (Freundlich invoice/trust statement).)

Plaintiff does not make personal accusations; the concern is institutional. This coordination and timing threaten to obscure the threshold issue the Court directed to be resolved first—the Trust's standing and authority—and risk disruption of the Court's December 6, 2025 schedule under Rule 16. Plaintiff therefore seeks targeted, schedule-preserving relief.

#### Background (abbreviated)

1. **Standing set for December 6.** The Court directed that Trust standing/ownership issues be addressed on December 6, 2025.

2. **Contradictory declarations.** Mr. Oliver's and Ms. Jackson's declarations hinge on a "blind trust/forgery" narrative. Contemporaneous texts show the opposite: on March 10 and 17, 2025, Mr. Oliver reviewed draft filings ("That 1st one is fire!!"; "Send to Re please") and approved strategy; on March 26, 2025, he confirmed Rinnie (Anterine Jackson) was "doing [the] letter," asked for "a little one-page agreement," and instructed to "have her do what she thinks is best," followed by "Check email." (See Ex. B, screenshots (i)–(iv).) These are primary-source, time-stamped communications showing Oliver's participation and direction—not passive reliance.

3. Counsel coordination/funding. Freundlich's billing shows calls with Trust counsel while drafting the intervention/dismissal papers, plus a Sony Music Publishing receipt into counsel's trust account on Oct. 14, 2025, followed by a same-day payment "On Account" to the firm. (Ex. A.)

**Argument**

A. Rule 16 controls; no good cause to derail December 6.

Under Fed. R. Civ. P. 16, schedules may be modified only for good cause. A last-minute intervention premised on statements contradicted by the movant's own contemporaneous communications is not good cause. Preserving the December 6 setting maintains proportionality and judicial economy.

B. Rule 24 interest fails; permissive intervention would cause delay and prejudice.

A purported interest premised on assertions objectively refuted by contemporaneous texts is not a protectable interest under Rule 24(a)(2). Any residual issues can be resolved on the current record; Rule 24(b) permissive intervention would inject delay and side-litigation over credibility on the eve of the standing hearing.

C. Standing/funding disclosures are the least-intrusive way to resolve threshold issues.

To decide standing on paper and avoid unnecessary device/account discovery, the Court should order production within 7 days of: (i) a sworn Certification of Trust (current trustee(s), succession, and litigation/settlement powers); (ii) trustee power/appointment pages and amendments; (iii) the probate/funding bridge (inventories/schedules/decrees) tying any copyrights/royalties into the Trust or sub-trusts; and (iv) any executed § 204(a) assignments (or a sworn negative statement). Given the appearance of shared work and label funding, narrowly tailored funding-source disclosures (limited to this case, with FRE 502(d) protection) are also warranted.

D. Disregard/strike contradictory declaration passages; direct corrected declarations.

Where sworn statements conflict with the declarant's own contemporaneous communications, the Court may disregard or strike the conflicting passages and direct any corrected declarations be limited to facts supported by documents. This avoids side-litigation and preserves the calendar.

E. Sanctions procedure preserved off-calendar.

Plaintiff has served a separate Rule 11 motion consistent with Rule 11(c)(2)'s safe-harbor; if the offending statements are not withdrawn or corrected within 21 days, Plaintiff will file. Alternatively, the Court may issue a Rule 11(c)(3) show-cause order without moving the December 6 date.

**Requested Relief**

Plaintiff respectfully requests entry of the accompanying [Proposed] Order that:

1. Preserves the December 6, 2025 standing/ownership schedule;

2. Requires the Trust, within 7 days, to produce: (a) a sworn Certification of Trust; (b) trustee power/appointment pages and amendments; (c) the probate/funding bridge; and (d) all § 204(a) assignments or a sworn negative statement;

3. Requires counsel for the Trust and for Mr. Oliver to disclose, within 7 days, any litigation-funding arrangements and shared-work/communication agreements relating to filings at issue (limited to this case; subject to FRE 502(d) and redaction of SSNs/TINs/bank/health data);

4. Disregards or strikes the contradictory portions of the Oliver/Jackson declarations and directs corrected declarations limited to facts supported by documents; and

5. Defers intrusive device/account discovery of Ms. Key until standing is decided.

Respectfully submitted,

/s/ Nécole Key

Nécole Key, Pro Se

necolekey@gmail.com

**[PROPOSED] ORDER**

**UNITED STATES DISTRICT COURT —**

**SOUTHERN DISTRICT OF NEW YORK**

Nécole Key v. Barry White Family Trust, et al., No. 1:25-cv-03602 (DLC)

**[PROPOSED] ORDER PRESERVING DECEMBER 6 SCHEDULE; REQUIRING STANDING/FUNDING DISCLOSURES; AND ADDRESSING CONTRADICTORY DECLARATIONS**

Upon Plaintiff's Emergency Letter-Motion and good cause appearing, IT IS HEREBY ORDERED:

1. The Court's December 6, 2025 proceeding concerning Trust standing/ownership is PRESERVED.

2. Within 7 days, Plaintiffs shall produce: (a) a sworn Certification of Trust identifying the trust, current trustee(s), succession, and powers to litigate/settle and receive funds; (b) the trustee power/appointment pages (and amendments) conferring those powers; (c) the probate/funding bridge (inventories/schedules/decrees) reflecting any copyright/royalty assets distributed to the Trust or sub-trust(s); and (d) all executed writings compliant with 17 U.S.C. § 204(a) by which the Trust (or any entity claiming through the Trust) asserts ownership of the works at issue, or a sworn declaration that none exist.

3. Within 7 days, counsel for the Trust and for Mr. Oliver shall disclose any litigation-funding arrangements and shared-work/communication agreements relating to filings at issue in this motion, limited to this case; production is subject to a FRE 502(d) clawback and may redact SSNs/TINs/bank/health information.

4. The Court will disregard or strike any portions of the Oliver and Jackson declarations that conflict with contemporaneous documents; any corrected declarations shall be limited to facts supported by documents.

5. Intrusive device/account discovery of Ms. Key is DEFERRED pending compliance with ¶¶2–3 and resolution of standing.

SO ORDERED.

Dated: _____, 2025

New York, New York

DENISE L. COTE

United States District Judge

**DECLARATION OF NÉCOLE KEY (AUTHENTICATION)**

I, Nécole Key, declare under 28 U.S.C. § 1746:

1. I am the Plaintiff in this action. I make this declaration of my own personal knowledge.

2. Exhibit A is a true and correct copy of a Freundlich Law, APC invoice/trust statement dated November 6, 2025 that I received in the ordinary course. It reflects (a) calls with Trust counsel Dorothy Weber and JH while drafting intervention/dismissal papers; (b) drafting/editing of those motions; (c) settlement-agreement work; and (d) a October 14, 2025 receipt "Sony Music Pub Co — Rodney O account" into counsel's trust account, followed by a payment "On Account" to the firm.

3. Exhibit B comprises true and correct screenshots of text messages between me and Rodney Oliver (and one group thread including Anterine "Rinnie" Jackson) captured from my phone, dated March 10, 17, and 26, 2025. The screenshots show Mr. Oliver reviewing and approving draft filings (e.g., "That 1st one is fire!!" / "Send to Re please"), and on March 26 confirming that "Rinnie is doing letter now," requesting "a little one page agreement," and instructing "have her do what she thinks is best," followed by "Check email."

4. The exhibits are kept in my files and are true and correct copies.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

November 11, 2025

submitted  by

/s/Necole Key
Pro Se Plaintiff
necolekey@gmail.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Nécole Key v. Barry White Family Trust, et al.
Case No. 1:25-cv-03602 (DLC)

EXHIBIT COMPILATION (A–C)
Filed in Support of Emergency Letter-Motion to Preserve December 6 Standing Schedule,
Require Trustee Authority/Funding Disclosures, and Disregard Contradictory Declarations

Contents:
Exhibit A — Freundlich Law Invoice & Trust Statement (Nov. 6, 2025).
Exhibit B — March–April 2025 Text Messages with Rodney Oliver (B(i)–B(ix)).
Exhibit C — Trust Standing & Authority Packet (Updated).

**Exhibit B(i) — Mar 10, 2025: Rodney reviews and approves draft ("That 1st one is fire!! … you s**



Key v. Barry White Family Trust — Exhibit B

**Exhibit B(ii) — Mar 17, 2025: "Think that's it … Send to Re please."**



Key v. Barry White Family Trust — Exhibit B

**Exhibit B(iii) — Mar 26, 2025: "Rinnie is doing letter now … a little one-page agreement … Chec**



**Exhibit B(iv) — Mar 26, 2025: "I asked you and Rinnie to prepare agreement stating my percent**



**Exhibit B(v) — Apr 6, 2025: Pro se discussion; regret for not filing earlier ("We would have dest**



**Exhibit B(vi) — Mar 26, 2025: Agreement logistics; directive to proceed and 'Check email.'**



**Exhibit B(vii) — Mar 10, 2025: Praise and approval of filing strategy."**



**Exhibit B(viii) — Mar 17, 2025: Final draft link; confirmation to send."**



**Exhibit B(ix) — Mar 10, 2025 (group): Strategy thread with Re; "beat them before they formulate**



Key v. Barry White Family Trust — Exhibit B

### *Freundlich Law, APC*
16133 Ventura Blvd.
Suite 645
Encino, CA 91436 USA

Ph:(310) 275-5350              Fax:(310) 275-5351


Rodney Oliver                                                    November 6, 2025
CA
USA

|  | File #: | 940-001 |
|---|---|---|
| **Attention:** | Inv #: | 3117 |


**RE:**    Barry WHite Trust Litigation

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-07-25 | Call with DW and JH re various matters; call with Rodney O re same; research Rule 11 and intervention and separate claim against Key | 1.00 | 725.00 | KDF |
|  | Settlement Discussion | 0.50 | 225.00 | HHR |
| Oct-08-25 | Reviewed case status | 0.10 | 57.50 | JAG |
| Oct-09-25 | Dealing with Rodney Aff. and Rule 11 motion | 0.50 | 362.50 | KDF |
| Oct-10-25 | Review Warner production and further analyze title issues | 1.00 | 725.00 | KDF |
|  | Discovery Review re: chain of title | 0.50 | 225.00 | HHR |
|  | Reviewed third-party discovery | 0.10 | 57.50 | JAG |
| Oct-13-25 | Working on BASS claim | 0.50 | 362.50 | KDF |
|  | Call with attorney representing "Bass" artist | 0.20 | 90.00 | HHR |
|  | Reviewed case status | 0.10 | 57.50 | JAG |
| Oct-23-25 | Bifurcation, Sanctions in Abeyance Research; Drafting Responses to Weber's Letters | 3.30 | 1,485.00 | HHR |
| Oct-24-25 | Researching Chose in Action and Copyright | 0.80 | 360.00 | HHR |

| Oct-27-25 | Dealing With Key emails and calls with Rodney and Anterinie and ___ to try to resolve Key; calls with D Weber re Rodney being brought into Case 2 | 3.20 | 2,320.00 | KDF |
|-----------|------|------|------|-----|
| | Case Discussion, Call with Client and Atron, Drafting Complaint Against Necole | 3.30 | 1,485.00 | HHR |
| | Reviewed emails re: case status; reviewed case documents; discussed case with K. Freundlich | 0.20 | 115.00 | JAG |
| Oct-28-25 | Research file and draft motions for intervention and to dismiss Key lawsuit | 6.20 | 4,495.00 | KDF |
| | Reviewed emails re: case status | 0.10 | 57.50 | JAG |
| | Reviewed case status | 0.20 | 115.00 | JAG |
| Oct-29-25 | Review Court decision and revise MTD and MTI | 2.50 | 1,812.50 | KDF |
| | Meeting with Bennett | 0.60 | 270.00 | HHR |
| | Reviewed motion to dismiss and motion to intervene; discussed case with K. Freundlich | 0.80 | 460.00 | JAG |
| | Reviewed case status | 0.10 | 57.50 | JAG |
| Oct-30-25 | Review Key new motion; working on MTD and MTI; call with DW re meet and confer and respond to settlement proposal; Call with Rod and Anterine | 4.20 | 3,045.00 | KDF |
| | Dorothy Weber call, Rodney O call, Case Discussion | 1.10 | 495.00 | HHR |
| | Reviewed motions; discussed case with K. Freundlich | 0.80 | 460.00 | JAG |
| Oct-31-25 | Working on MTD and Intervention; Preparing for expert depos | 1.30 | 942.50 | KDF |
| | Editing Motions to Intervene, Dismiss | 1.20 | 540.00 | HHR |
| | Reviewed motions; discussed case with K. Freundlich | 2.70 | 1,552.50 | JAG |

| Date | Description | Hours | Amount | Atty |
|------|-------------|-------|--------|------|
| Nov-02-25 | Deal; with N Key emails; meet with Rodney O in Vegas | 1.00 | 725.00 | KDF |
| Nov-03-25 | Prepare for N Key meet and confer and Key Meet and confer re N Key subpoena; review notes from J Bennett | 2.00 | 1,450.00 | KDF |
| | Drafting, Editing Motions to Interview and Dismiss; Meet and Confer with Necole, Dorothy | 4.40 | 1,980.00 | HHR |
| | Reviewed case law; discussed case with K. Freundlich; reviewed emails re: case status | 1.50 | 862.50 | JAG |
| Nov-04-25 | Working on Motion to intervene in Case 2; begin preparing for expert deposition while simultaneously trying to settle matter; calls with client, DP of SMP and DW and JH of Weber firm and settle case; begin outline of SA | 5.50 | 3,987.50 | KDF |
| | Drafting, Editing Motion to Dismiss | 4.80 | 2,160.00 | HHR |
| | Reviewed case law and discussed case with K. Freundlich | 3.00 | 1,725.00 | JAG |
| Nov-05-25 | Preparing for depositions and then holding with settlement; draft settlement agreement and then switch to revising DW's agreement; emails and calls all around; meet with RO | 6.20 | 4,495.00 | KDF |
| | Editing, Finalizing Motions to Intervene and Dismiss, Rodney Declaration | 4.70 | 2,115.00 | HHR |
| | Totals | 70.20 | $42,455.00 | |

**DISBURSEMENTS**

| Date | Description | Amount |
|------|-------------|--------|
| Oct-12-25 | ASAP Inv# 11460: Epay confirmation CB41D8ZN | 189.40 |
| | Totals | $189.40 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$42,644.40** |
| Previous Balance | 55,391.60 |
| Previous Payments | 55,391.60 |

**Balance Now Due**                                                         **$42,644.40**

TAX ID Number          92-1512310

**PAYMENT DETAILS**

Oct-14-25          On Account                                                    55,391.60

**Total Payments**                                                         **$55,391.60**

## TRUST STATEMENT

|  |  | Disbursements | Receipts |
|---|---|---|---|
|  | Trust Balance Forward |  | 50,000.00 |
| Oct-14-25 | Received From: Sony Music Pub Co<br>Rodney O account |  | 55,391.60 |
|  | Paid To: Freundlich Law, APC<br>On Account | 55,391.60 |  |
|  | Total Trust | $55,391.60 | $105,391.60 |
|  | **Trust Balance** |  | **$50,000.00** |

# Trust Standing & Authority Packet (Updated)

Trustee Authority • Funding • Chain-of-Title • §204(a) Transfers — Threshold Materials

*Prepared for SDNY filings related to Barry White Family Trust matters*

Prepared by: Nécole Key — Date:
_____

### Table of Contents

1. 1. Purpose & Sequencing

2. 2. Standing Checklist (Produce First)

3. 2-A. Copyright Registration Scope and Effect (EU 387551)

4. 2-B. Uniform Trust Act and Certification Requirement (UTC & Cal. Prob. Code §18100.5)

5. 3. Exhibit Index (A–H, incl. A-1)

6. 4. Discovery Requests: RFAs, RFPs, Interrogatories

7. 5. Deposition Topics (Trustee & 30(b)(6))

8. 6. Certification of Trust — Template

9. 7. Trustee Declaration — Template

10. 8. Funding Schedules & Trustee Receipts — Templates

11. 9. Assignment / §204(a) Transfer — Template & Checklist

12. 10. Subpoena Duces Tecum — Trustee/Probate Records

13. 11. Joint Letter to Court — Sequencing Order

14. 12. Protective/Clawback Terms (Rule 26(c) & FRE 502(d))

15. 13. Proposed Order — Standing First; Intrusive Discovery Deferred

### 1. Purpose & Sequencing

Resolve standing and ownership on paper before any intrusive discovery (devices/accounts).

Produce: trustee authority, probate/funding bridge, executed §204(a) assignments, and Warner/January instruments.

### 2. Standing Checklist (Produce First)

1. Certification of Trust (or trustee declaration) naming current trustee(s), succession basis, and powers to acquire/hold copyrights, litigate/settle, and receive funds.

2. Trust instrument pages and amendments conferring those powers and documenting trustee appointment.

3. Probate bridge: order admitting will; inventories/schedules; decree(s) of distribution listing copyrights/royalties.

4. Funding schedules & trustee receipts (2003–2005) showing sub-trust allocations (Survivor's/Decedent's/Insurance).

5. All executed writings under §204(a) assigning/transferring any interest in 'Like That' or 'Everlasting Bass' to the Trust or Warner entities; otherwise a sworn negative statement.

6. Any Warner/January assignments, reversions, or administration agreements affecting ownership or exclusive rights.

7. Copy of EU 387551 application and deposit confirming 'Author of: arrangement' and deposit scope.

### 2-A. Copyright Registration Scope and Effect (EU 387551)

The governing registration for "I'm Gonna Love You Just a Little More Baby" (EU 387551) lists Barry White as "Author of: arrangement." Under 17 U.S.C. §§ 101 and 103(b), an arrangement presupposes a pre-existing work and protects only newly added expressive elements (e.g., orchestration, instrumentation, stylistic treatment), not the underlying melodic or harmonic material.

The deposit copy contains only a treble clef staff with

melody/chords and no bass-clef notation. Accordingly, any bassline asserted in the sound recording lies outside the registered composition's scope; an infringement theory based on that bass pattern is not supported by the deposit.

Exhibit A-1 includes the application excerpt reflecting the "arrangement" designation. Exhibits F–G illustrate the absence of bass notation and explain treble vs. bass staves for clarity.

### 2-B. Uniform Trust Act and Certification Requirement (UTC & Cal. Prob. Code §18100.5)

Under the Uniform Trust Code and California Probate Code §18100.5, a trustee's authority must be provable to third parties through a Certification of Trust or sworn declaration. The certificate should identify the trust (name/date), the acting trustee(s), the basis of succession, and the powers being exercised (including authority to acquire/hold IP, litigate/settle, and receive funds).

California Probate Code §18100.5(b) protects third parties who rely on a proper certification in good faith and permits verification of trustee powers without exposing the entire trust instrument. Absent such certification (and the probate/funding bridge), the Court cannot presume trustee authority to sue or receive funds under 17 U.S.C. §501(b).

### 3. Exhibit Index (A–H, incl. A-1)

A: EU 387551 — application/deposit (1973): registration scope and deposit.

A-1: EU 387551 — application excerpt showing "Author of: arrangement."

B: Trust excerpts: trustee ladder/irrevocability; appointment pages (no present powers).

C: Public records: ABN cancellation (2003); California heir-litigation captions.

D: South Dakota Right of Publicity filing (2020): self-declared; no decree/assignment attached.

E: Funding clauses (§§5.6.2–5.8) requiring 2003–2004 allocation to sub-trusts.

F: Treble vs. Bass Clef demonstrative (no registered

bassline in deposit).

G: Deposit copy image — treble clef only; melody/chords; no bass notation.

H: Ownership flow summary (January→Savette/Warner; renewal/admin vs. title).

**4. Discovery Requests: RFAs, RFPs, Interrogatories**

**Requests for Admission:**

RFA 1. Admit no fully executed writing assigns any ownership in the musical work 'Like That' to the Barry White Family Trust.

RFA 2. Admit no fully executed writing assigns any ownership in the sound recording embodying 'Like That' to the Barry White Family Trust.

RFA 3. Admit Warner/Chappell has no ownership in 'Like That' via an executed §204(a) assignment from a current owner.

RFA 4. Admit the August 9 document is a settlement proposal and not a §204(a) conveyance.

RFA 5. Admit Plaintiffs have not produced a Certification of Trust naming the current trustee(s) and powers to litigate/settle or receive funds.

RFA 6. Admit no decree of distribution or trustee receipt has been produced listing copyrights/royalties transferred to the Trust.

RFA 7. Admit EU 387551 claims arrangement authorship and does not include bassline notation in the deposit.

**Requests for Production:**

RFP 1. Produce all §204(a) writings signed by any owner assigning/transferring any interest in 'Like That' to the Trust or Warner entities.

RFP 2. Produce a sworn Certification of Trust naming current trustee(s), succession basis, and powers to acquire/hold copyrights, litigate/settle, and receive funds.

RFP 3. Produce trust power/appointment pages and amendments.

RFP 4. Produce probate/funding records (inventory/schedules, decrees, receipts) identifying copyrights/royalties and receiving sub-trust.

RFP 5. Produce any agreement by which a Warner entity claims ownership (not merely administration) in 'Like That' or 'Everlasting Bass'.

RFP 6. Produce the original EU 387551 application and deposit copy as maintained in your files.

## Interrogatories:

Interrogatory 1. Identify current trustee(s), date/basis of succession, and specific powers to litigate/settle and receive funds.

Interrogatory 2. Identify each instrument by which copyrights/royalties were funded into any sub-trust (date, signatory, asset).

Interrogatory 3. Identify all agreements by which any Warner entity claims ownership in 'Like That' or 'Everlasting Bass' (title, date, parties, §204(a) compliance).

Interrogatory 4. Describe the scope of EU 387551 and explain whether any bassline was included in the deposit; if so, identify the page/staff location.

### 5. Deposition Topics (Trustee & 30(b)(6))

Topic 1. Trustee succession and powers; authority to sue/settle/receive funds.

Topic 2. Probate bridge: inventories, schedules, decrees; what IP/royalty assets were distributed and to which sub-trust.

Topic 3. Funding records (2003–2005): schedules, trustee receipts, and sub-trust allocation for copyrights/royalties.

Topic 4. Executed §204(a) assignments; who signed, when, and for what assets.

Topic 5. Warner/January chain: administration vs. ownership; any reversions/buy-backs.

Topic 6. Registration scope: EU 387551's arrangement claim; deposit contents and absence/presence of bass

notation.

### 6. Certification of Trust — Template

I, _____, certify under penalty of perjury:

(1) The Barry White Family Trust dated _____ is in full force and effect;

(2) The current trustee(s) is/are _____; succession occurred on _____ by _____;

(3) Trustee powers include acquiring/holding copyrights, litigating/settling claims, and receiving/disbursing funds;

(4) True and correct copies of the trust pages conferring these powers and documenting appointment are attached;

(5) No restrictions exist that limit the authority asserted in this litigation.

Executed on _____ at _____.  Signature: _____ (Trustee)

### 7. Trustee Declaration — Template

I, _____, as trustee, attach: (a) power/appointment pages; (b) succession/acceptance;

(c) probate inventory/schedules and decrees listing copyrights/royalties;

(d) trustee receipts/funding schedules into sub-trust(s).

I further declare that no additional executed assignments exist beyond those produced. Executed under penalty of perjury.

### 8. Funding Schedules & Trustee Receipts — Templates

Asset: _____ (e.g., copyrights/royalties)

From: Estate of Barry White  →  To: [Survivor's / Decedent's / Insurance] Sub-Trust

Date: _____  Instrument: _____  Trustee Receipt No.: _____

Notes:

_____

_____

### 9. Assignment / §204(a) Transfer — Template & Checklist

Assignor (owner): _____    Assignee:

_____

Work/Asset:

_____

_____

Transfer: Assignor hereby assigns to Assignee all right, title, and interest (or ____%) in and to the Work, including rights under 17 U.S.C. §106.

Effective Date: _____    Consideration: _____
Signatures: _____ (Assignor)
_____ (Assignee).

§204(a) checklist: signed by owner; identifies work; states transfer of ownership; effective date; capacity confirmed.

### 10. Subpoena Duces Tecum — Trustee/Probate Records

TO: Custodian of Records, [Probate Court / Trustee / Law Firm]

YOU ARE COMMANDED to produce by _____: (1) trust power/appointment pages; (2) succession/acceptance;

(3) probate inventory/schedules and decrees listing copyrights/royalties;

(4) trustee receipts/funding schedules (2003–2005); (5) any §204(a) assignments to the Trust or Warner entities.

### 11. Joint Letter to Court — Sequencing Order

Subject: Discovery Sequencing on Trustee Authority and Ownership (Standing First)

Request short order requiring production, within 7 days, of: Certification of Trust + power pages; probate/funding documents; executed §204(a) assignments (or sworn negative).

Defer device/account discovery directed to Ms. Key

pending compliance; adopt 502(d) clawback and redaction protocol.

### 12. Protective/Clawback Terms (Rule 26(c) & FRE 502(d))

Confidentiality tiers; use limitation to this litigation; clawback for inadvertent privilege; redaction of SSNs/TINs/bank/health data.

### 13. Proposed Order — Standing First; Intrusive Discovery Deferred

Within 7 days, Plaintiffs shall produce: (a) Certification of Trust and power/appointment pages;

(b) probate/funding documents showing IP/royalty corpus and sub-trust allocation;

(c) all executed §204(a) assignments to the Trust or Warner entities, or a sworn negative statement.

Device/account discovery directed to Ms. Key is DEFERRED pending compliance; 502(d) clawback ordered.