```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NECOLE KEY,                             :
                                        :
                    Plaintiff,          :       25cv3602 (DLC)
                                        :
          -v-                           :       MEMORANDUM OPINION
                                        :            AND ORDER
BARRY WHITE FAMILY TRUST et al.,        :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

In the related action, 24cv7509, the Barry White Family Trust ("BWFT") sued Rodney Oliver and Joe Cooley for copyright infringement, alleging that their 1986 song "Everlasting Bass" copied the introductory riff of the 1973 Barry White song "I'm Gonna Love You Just a Little More, Babe."  Necole Key, Oliver's former music rights manager and agent, filed a motion to intervene in the related action.  That motion was denied in an Opinion of April 9, 2025 but Key continued to prepare pro se filings on behalf of Oliver.  An Opinion of October 29 described misconduct by Oliver in the related action and noted Key's involvement.  An Order of November 12 discontinued the related action in light of a settlement between the remaining parties.

Key and Oliver filed the instant action on April 29 against BWFT and other defendants, most of whom were involved in performing or distributing the 2024 song "Like That."  The

complaint principally alleges that (1) "Like That" infringed "Everlasting Bass" and (2) the related action was a "manufactured infringement claim." Although the complaint describes Oliver as "the creator and copyright owner" of "Everlasting Bass," it also incorporates a purported contract between Oliver and Key dated April 24, 2025 that appeared to gave Key equal ownership of the song. That document states, however, that "Rodney David Oliver shall have the exclusive right to terminate this Co-Ownership Agreement at any time by providing thirty (30) days' written notice to Necole Key."

After obtaining legal representation, Oliver filed a notice of voluntary dismissal on September 9, leaving Key as the only remaining plaintiff. On November 10, Oliver filed a motion to intervene as a defendant. Attached to that motion is a draft motion seeking to dismiss this action, inter alia, on the basis that Key lacks standing.

On November 11, BWFT filed a motion to dismiss. BWFT also argues, among other things, that Key lacks standing. Attached to BWFT's motion is a declaration by Oliver in which he states that on September 2 he terminated Key's rights under the April 24 agreement and generally terminated her representation of him.

An Order of November 12 set a deadline of November 20 for Key to file any oppositions to Oliver's motion to intervene and the standing arguments in BWFT's motion to dismiss. Key

submitted filings on November 14 (ECF No. 68, 69, 70, and 71), November 20 (ECF No. 72), and November 24 (ECF No. 73). Oliver and BWFT filed replies on November 25. BWFT also filed a motion for sanctions on December 4.

"[A] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial, i.e., based solely on the allegations of the complaint and exhibits attached to it, or fact-based, i.e., based on evidence beyond the pleadings." Harty v. W. Point Realty, Inc., 28 F.4th 435, 441 (2d Cir. 2022) (citation omitted). Thus, in considering a motion to dismiss for lack of standing, a court "may consider affidavits and other materials beyond the pleadings," although it "cannot rely on conclusory or hearsay statements contained in the affidavits." Doherty v. Bice, 101 F.4th 169, 172 (2d Cir. 2024) (citation omitted).

Article III of the U.S. Constitution requires a plaintiff to have "a personal stake in the case -- in other words, standing." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citation omitted). A plaintiff must show "(1) an injury in fact, defined as an invasion of a legally protected interest that is concrete, particularized, and actual or imminent; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." Citizens United to Protect

Our Neighborhoods v. Village of Chestnut Ridge, 98 F.4th 386, 391 (2d Cir. 2024) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts."  TransUnion LLC v. Ramirez, 594 U.S. 413, 427 (2021).

Key lacks standing to bring this action.  Key asserts standing based on her alleged 50% ownership of "Everlasting Bass" created by the April 24 agreement.  But the April 24 agreement expressly provides that it may be terminated by Oliver on 30 days' notice, and Oliver has now exercised that termination right.  It is thus unnecessary to determine whether the April 24 agreement was a valid contract, because Key lacks ownership of "Everlasting Bass" either way.  Nor is there any other basis for Key to have standing.

Key's opposition papers appear to have been generated by artificial intelligence software and are difficult to understand.  It is clear, however, that Key does not offer any basis to find that she has standing apart from the April 24 agreement.  She also does not dispute that Oliver has sought to revoke the April 24 agreement.

Key instead claims that Oliver was unable to exercise the termination clause in the April 24 agreement, but her argument on this point is unclear and self-contradictory.  Read

generously, Key appears to claim that the termination clause cannot be exercised when Oliver is under the influence of "a label, publisher, or attorney acting adversely to his interests." To begin with, there is no evidence that Oliver has been under undue influence since parting ways with Key. Moreover, the April 24 agreement gives Oliver an unqualified right to terminate Key's ownership. Indeed, BWFT has submitted evidence that this was Key's understanding of the agreement as well. In an April 28 text message to Oliver about the April 24 agreement, Key stated, "you are the one that can terminate at any time to avoid me having to write on," and "[e]verything will remain as is just in the court perception it changes." In a September 29 text message to Oliver, Key stated, "Rodney you had the ability to take the masters back the whole time." Accordingly, it is hereby

ORDERED that BWFT's November 11 motion to dismiss is granted. The Clerk of Court shall close the case.

IT IS FURTHER ORDERED that BWFT's December 4 motion for sanctions is denied.

Dated:   New York, New York
         December 5, 2025

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　　United States District Judge