UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
NECOLE KEY,                               :
                                          :
                    Plaintiff,            :          25cv3602 (DLC)
                                          :
          -v-                             :       MEMORANDUM OPINION
                                          :           AND ORDER
BARRY WHITE FAMILY TRUST et al.,          :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

     This pro se action was filed on April 29, 2025 by Rodney
Oliver and Necole Key.  The complaint describes Oliver as "the
creator and copyright owner" of the 1986 song "Everlasting
Bass."  Key is Oliver's former music rights manager and agent.

     Oliver and Key brought claims against the Barry White
Family Trust ("BWFT") and other defendants, most of whom were
involved in performing or distributing the 2024 song "Like
That."  The complaint principally alleges that (1) "Like That"
infringed "Everlasting Bass" and (2) a related action that was
brought by BWFT against Oliver and has now settled, 24cv7509,
was a "manufactured infringement claim."

     The complaint incorporates a purported contract between
Oliver and Key dated April 24, 2025 that appeared to give Key
equal ownership of "Everlasting Bass."  That document states,
however, that "Rodney David Oliver shall have the exclusive

right to terminate this Co-Ownership Agreement at any time by providing thirty (30) days' written notice to Necole Key."

After obtaining legal representation, Oliver filed a notice of voluntary dismissal on September 9, leaving Key as the only remaining plaintiff.  On November 10, Oliver filed a motion to intervene as a defendant.  Attached to that motion was draft motion seeking to dismiss this action, inter alia, on the basis that Key lacks standing.

On November 11, BWFT filed a motion to dismiss.  BWFT also argued, among other things, that Key lacks standing.  Attached to BWFT's motion is a declaration by Oliver in which he states that on September 2 he terminated Key's rights under the April 24 agreement and generally terminated her representation of him.

Oliver's draft motion to dismiss and BWFT's motion to dismiss also reference mootness.  The memoranda of law for both motions state the following:

> If a Plaintiff lacks standing at any point during the proceedings, the case becomes moot, and the court loses subject matter jurisdiction.  This principle applies not only at the commencement of the action but also throughout its pendency in both district and appellate courts.

(Citation omitted.)  In making this argument, Oliver and BWFT cited case law describing the mootness doctrine, such as Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69-70 (2d Cir. 2001).

Key submitted responsive filings on November 14 (ECF No. 68, 69, 70, and 71), November 20 (ECF No. 72), and November 24 (ECF No. 73).  Oliver and BWFT filed replies on November 25. BWFT also filed a motion for sanctions on December 4.

A Memorandum Opinion of December 5 granted BWFT's motion to dismiss this action for lack of standing and denied its motion for sanctions.  The Opinion reasoned that while Key asserts standing based on her alleged 50% ownership of "Everlasting Bass" created by the April 24 agreement, Oliver had exercised the termination right that was provided for him in the agreement.  It explained that Key now lacks ownership of "Everlasting Bass" regardless of whether the April 24 agreement was a valid contract.  Final judgment was entered on December 5.

On December 12, Key filed a motion seeking to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P.  Key primarily argues that the dismissal of this action rested on legal error because the December 5 Opinion assessed standing after the time of filing.  In making this argument, Key recognizes that "[s]ubsequent events may affect mootness."  In the alternative, Key seeks leave to amend the complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P., to allege solely "pre-termination injuries."

"A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the

3

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020) (citation omitted). Although a request for leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court may decline to grant such leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Miller v. United States ex rel. Miller, 110 F.4th 533, 550 (2d Cir. 2024) (citation omitted). Additionally, leave to amend need not be given if a plaintiff "fails to specify how amendment would cure the pleading deficiencies in its complaint." Id. at 550-51 (citation omitted).

"Standing is determined as of the filing of the complaint," meaning that "post-filing changes in circumstance cannot deprive a plaintiff of standing." Doe v. McDonald, 128 F.4th 379, 384-85 (2d Cir. 2025). Instead, a challenge to subject matter jurisdiction based on "events that occurred after the filing of the complaint" is evaluated "through the lens of mootness." Id. at 385.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "The mootness doctrine is derived from that constitutional requirement -- it ensures that a litigant's

4

interest in the outcome continues to exist throughout the life of the lawsuit." Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs., 145 F.4th 212, 223 (2d Cir. 2025) (citation omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, making it impossible for a court to grant any effectual relief whatever to the prevailing party." Doe v. McDonald, 128 F.4th 379, 385 (2d Cir. 2025) (citation omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Neurological Surgery Prac., 145 F.4th at 223 (citation omitted). "When that happens and the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." Id. (citation omitted).

Key is correct that standing is determined at the time a complaint is filed. As a result, the December 5 Opinion was incorrect in holding that she was deprived of standing when Oliver terminated any ownership rights she had under the April 24 agreement. Instead, Oliver mooted Key's claims. Because Key lacks ownership of "Everlasting Bass," she no longer has a legally cognizable interest in this lawsuit and the Court cannot grant her effective relief. The result is the same: the Court lacks subject matter jurisdiction and must dismiss this action.

Key fails to show that any "pre-termination injuries" prevent the lawsuit from being moot.  Even if Key previously sustained economic injuries based on the conduct alleged in this lawsuit, they are no longer Key's injuries and they now entitle Key to no relief, since "Everlasting Bass" is not her song.  To the extent Key claims a theory of "reputational harm," that argument fails because this lawsuit does not contain allegations to support a claim of harm to Key's personal reputation.  Key does not specify how she might cure these deficiencies through amendment, and the Court also concludes that any amendment by Key would be futile and would unduly prejudice the defendants.  Accordingly, it is hereby

ORDERED that Key's motion for reconsideration is granted. The October 5 Opinion is vacated to the extent that it relied on the standing doctrine.

IT IS FURTHER ORDERED that this action is dismissed due to mootness.

Dated:    New York, New York
          December 17, 2025

_____
DENISE COTE
United States District Judge